Brandon COMBS, Petitioner,

v.

Hon. C. Hunter DAUGHERTY, Judge, Jessamine Circuit Court, Respondent,

and

Jennifer Combs, Real Party in Interest.

No. 2005–CA–000940–OA.

Court of Appeals of Kentucky.

Aug. 5, 2005.

Brandon Combs, Nicholasville, KY, pro se.

Before MINTON, SCHRODER, and TAYLOR, Judges.

*OPINION AND ORDER*

TAYLOR, Judge.

Petitioner, Brandon Combs, pro se, petitions this Court to prohibit respondent, Jessamine Circuit Court, from enforcing its order of March 28, 2005, compelling Brandon to produce discovery to the real party in interest, Jennifer Combs. Nei-

ther the circuit court nor Jennifer responded to this original action.[1]

On May 19, 2005, Brandon filed a Ky. R. Civ. P. (CR) 76.36(4) motion for intermediate relief seeking a stay of enforcement of a May 16, 2005, order, which provided a warrant of arrest would issue if Brandon did not tender the requested discovery by May 26, 2005. This Court granted the motion for intermediate relief and issued a temporary stay of the May 16, 2005 order by order entered May 25, 2005.

This Court has considered Brandon's arguments and the appended record, including the videotape of the March 24, 2005, hearing on Jennifer's motion to compel, and, being sufficiently advised,[2] ORDERS that the petition for writ of prohibition be GRANTED.

On December 15, 2004, Jennifer served Brandon with a request for production of a number of his personal financial documents. The request invoked CR 34 but did not otherwise state a basis. On March 18, 2005, Jennifer filed a motion to compel a response to her request. Therein, Jennifer argued that Brandon had neither objected nor complied with the request for production of documents[3] and that the requested discovery was "relevant, proper, and required for the purpose of calculating child support pursuant to the Kentucky Revised Statutes and said request should be answered."[4] It was not until the hearing on that motion that Jennifer's counsel explained that she had changed employ-

ment with a resulting change in her insurance. The circuit court advised Brandon that this change in circumstance required taking a look at the entire issue and granted Jennifer's motion to compel discovery.

In this original action, Brandon recognizes that a circuit court has continuing jurisdiction over child support issues arising subsequent to a divorce decree. However, Brandon contends the circuit court acted without jurisdiction in this instance because there was no motion for modification of child support pending before the court. Hence, Brandon argues there was no legitimate basis for the circuit court to grant Jennifer's motion to compel. Brandon argues in the alternative that the circuit court erred in exercising its jurisdiction by issuing an order that was arbitrary and capricious and which violated Sections 2 and 115 of the Kentucky Constitution.

Upon review of the record, we conclude that Brandon has satisfied the prerequisites for entitlement to a writ and that this Court's intervention is required to prevent a miscarriage of justice. *See Hoskins v. Maricle,* 150 S.W.3d 1 (Ky.2004); *see also, Carpenter v. Wells,* 358 S.W.2d 524 (Ky. 1962); *Bender v. Eaton,* 343 S.W.2d 799 (Ky.1961).

█ In support of this ruling, we note that CR 26.02(1) provides that parties "may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action...." We also observe that a circuit

1. The original action was filed on May 2, 2005. Pursuant to Ky. R. Civ. P. 76.36(2), any response was due to be filed by May 12, 2005.

2. Since Jennifer chose not to respond to the petition, we shall assume that the record provided by Brandon is the complete record of this matter.

3. Brandon attached as an exhibit to his petition a copy of a letter to Jennifer's counsel, dated January 12, 2005, wherein he advised that he would not formally respond to the request because "no action is pending, therefore I know of no basis that discovery will be taken...."

4. The parties were divorced by decree of the Jessamine Circuit Court entered on July 23, 2001.

court does have continuing jurisdiction over child support matters. However, the issue presented in this case is one of first impression: whether a party may engage in unlimited discovery regarding child support in a divorce proceeding after a decree has been entered, without first filing a motion to modify the child support award.

■ The modification of a child support award is governed by KRS 403.213(1). Under this statute, the provisions of any decree relating to child support may be modified only upon a showing of a material change in circumstances that is substantial and continuing. In order to seek a modification of child support, the burden was on Jennifer to make some showing of a material change of circumstance *before* requiring Brandon to produce personal financial documents and *before* moving the circuit court to compel him to do so. *See Wilcher v. Wilcher,* 566 S.W.2d 173 (Ky.App.1978); *Farmer v. Farmer,* 506 S.W.2d 109 (Ky. 1974).

The record in this case shows that Jennifer did not file any motion to modify child support before serving a discovery request on Brandon, nor was such a motion pending when she moved to compel the discovery. We believe that Jennifer's statement in her motion to compel that the discovery sought was "relevant, proper, and required for the purpose of calculating child support" was insufficient to give Brandon adequate notice of the reason for her request. We also believe the statement made by Jennifer's counsel at the hearing that child support needed to be recalculated because of Jennifer's change in employment (wherein Brandon responded that he had not been previously made aware of this fact) was untimely and otherwise insufficient to justify a discovery hearing at that time.

Under these circumstances, we are of the opinion that the circuit court should have declined to permit discovery until Jennifer properly presented her request for a modification of child support under KRS 403.213 and that the court erred in granting the discovery request prior to the filing of a motion for modification.

Therefore, the Jessamine Circuit Court is hereby PROHIBITED from enforcing its orders entered March 28, 2005, and May 16, 2005. The matter is REMANDED to the circuit court for further proceedings, as needed, consistent with this opinion and order.

ALL CONCUR.