Gregory KEETON, Appellant

v.

Anna KEITH, Appellee

NO. 2016–CA–000407–MR

Court of Appeals of Kentucky.

JANUARY 20, 2017

BRIEF FOR APPELLANT: Linda M. Keeton, Shelbyville, Kentucky

BRIEF FOR APPELLEE: Ashley Duncan Gibbons, Louisville, Kentucky

BEFORE: COMBS, DIXON, AND NICKELL, JUDGES.

## OPINION

COMBS, JUDGE:

This case involves a dispute between parents of a child as to the appropriate venue for the child's schooling. Appellant, Gregory Keeton, the father, appeals from an order of the Meade Circuit Court adopting a recommendation of the Domestic Relations Commissioner (DRC). The DRC had recommended that the parties' minor child be enrolled in the school district where Appellee, Anna Keith, the mother, now resides. In addition to its decision on the enrollment of the child, the court, *sua sponte*, directed the mother to seek child support. After our review, we vacate and remand.

The parties were married in 2002 and are the parents of one minor child, a daughter, DK, who was born in 2005. The marriage was dissolved by a decree entered by the Superior Court of Floyd County, Indiana, on September 6, 2007.

On February 25, 2015, Anna filed a Verified Notice of Registration of the parties' September 6, 2007, Child Custody Order in the Meade Circuit Court pursuant to KRS[1] 403.800 *et seq.*[2] She submitted the Agreement and Decree of Dissolution entered by the Indiana court, which provided

that the mother "shall have sole physical custody and the parties shall have joint legal custody of [Daughter]." It also provided that the father was to provide *no* child support.

On April 9, 2015, Anna filed a "motion to change minor child's school placement." In her accompanying affidavit, she averred that she had moved with her daughter from Jefferson County, Kentucky, to Brandenburg, Kentucky, in September 2014 and that the child continued to attend elementary school in Louisville. Mother requested that the child be enrolled in elementary school in Brandenburg for the 2015–6 school year and thereafter—until further agreement of the parties or by order of court.

By an order entered on May 8, 2015, a hearing was scheduled before a DRC for July 16, 2015. Subsequently, Gregory, *pro se,* filed a Motion to appoint a guardian ad litem (GAL) and a petition for a temporary injunction prohibiting either party from transferring the daughter from her present school district pending resolution of the matter. By order of June 5, 2015, the court denied both motions. On July 16, 2015, Gregory's counsel filed a notice to enter an appearance.

A hearing was held before the DRC on July 16, 2015. By Report filed September 11, 2015, the DRC found as follows:

1. The parties were divorced by a decree of dissolution entered in Indiana and registered with this Court.

2. The parties have joint custody and petitioner is designated the primary residential parent of DK.

---

1. Kentucky Revised Statutes.

2. KRS 403.850 provides for the registration of a child custody determination issued by the court of another state to be registered in this state.

3. The petitioner and DK moved to Brandenburg in September 2014. Respondent did not object to the move; however, DK continued to attend school in Jefferson County, Kentucky for the 2014 school year.

4. Respondent resides in Jefferson County.

5. For the 2014–2015 school year, Respondent's parenting time did not change.

6. Respondent objects to DK being enrolled in school in Meade County, Kentucky.

7. Respondent desires DK to attend school in Jefferson County, Kentucky.

8. The parties [sic] property settlement agreement did not provide for child support.

The Commissioner made the following conclusions of law and recommendation:

KRS 159.010[3] controls the issue before the Court. The primary residential custodian shall enroll the child in the school district in which the primary parent resides. Therefore, DK shall be enrolled in the school district in which Petitioner resides. Petitioner shall also seek child support from Respondent.

Thereafter, Gregory filed objections to the DRC's report, disputing in particular the finding that he had not objected to the move. Gregory explained that he was not given the opportunity to object because Anna relocated without informing him of her plans. Gregory contended that KRS 159.010 did not control the issue, that the DRC ignored the child's best interests, and that the DRC had exceeded her authority in unilaterally directing Anna to seek child support because that issue had not been raised. Anna filed a motion to adopt the DRC's findings. On February 26, 2015, the Meade Circuit Court entered an order, which provides in relevant part:

This Court conducted a hearing on the objections and on motion to adopt the [DRC's] report on February 4, 2016 . . . .

[T]he parties agreed at the hearing before this Court that the child will be left in the school in which she is presently enrolled for the remainder of the school year 2015 and 2016. The parties are to submit an agreed order pertaining to that issue.[4] Therefore this Order will pertain to the school year beginning in the fall of 2016 and thereafter.

The Court finds that the Commissioner's findings and application of the law are supported by credible evidence and applicable precedent.

The trial court overruled Gregory's objections and confirmed and adopted the DRC's report in its entirety.

On March 23, 2016, Gregory filed a notice of appeal to this Court. On appeal, he contends that the trial erred in concluding that KRS 159.010 controls the issue. KRS Chapter 159 is included in "Title XIII of

---

3. KRS Chapter 159 is entitled, "Compulsory Attendance." It appears that the DRC was referring to KRS 159.010(1)(a), which provides:
Except as provided in KRS 159.030 and paragraphs (b) and (c) of this subsection, each parent, guardian, or other person residing in the state and having in custody or charge any child who has entered the primary school program or any child between the ages of six (6) and sixteen (16) shall send the child to a regular public day school for the full term that the public school of the district in which the child resides is in session . . . .

4. An Agreed Order to that effect was entered March 1, 2016.

our statutes entitled 'Education,'... [and] includes provisions regarding Kentucky parents' obligation to 'send' their children who are between the ages of six and sixteen to school (KRS 159.010)[.]" *Jefferson County Bd. of Educ. v. Fell*, 391 S.W.3d 713, 722 (Ky. 2012).

█ The issue before the trial court was a dispute over educational decision-making between joint custodians—a matter of custody. "A significant and unique aspect of full joint custody is that both parents possess the rights, privileges, and responsibilities associated with parenting and are expected to consult and participate equally in the child's upbringing." *Pennington v. Marcum*, 266 S.W.3d 759, 764 (Ky. 2008).

If, as in the instant case, the parties to a joint custody agreement are unable to agree on a major issue concerning their child's upbringing, the trial court, with its continuing jurisdiction over custody matters, must conduct a hearing to evaluate the circumstances and resolve the issue **according to the child's best interest.**

*Burchell v. Burchell*, 684 S.W.2d 296, 300 (Ky. App. 1984) (emphasis added).

█ We are persuaded that the trial court erred in concluding that KRS 159.010 controls the issue. It merely directs placement of a child in a school **after** the parents have reached an agreement on the critical issue. We vacate and remand for a determination of school placement according to the child's best interests in compliance with the mandate of *Keifer v. Keifer*, 354 S.W.3d 123, 125–26 (Ky. 2011):

KRS Chapter 403 requires written findings, and [we] admonish trial courts that it is their duty to comply with the directive of this Court to include in all orders affecting child custody the requisite findings of fact and conclusions of law supporting its decisions. Consideration of matters affecting the welfare and future of children are among the most important duties undertaken by the courts of this Commonwealth. In compliance with these duties, it is imperative that the trial courts make the requisite findings of fact and conclusions of law to support their orders.

█ Gregory also contends that the trial court erred in issuing an order adopting the Commissioner's Recommendation which directed Anna to seek child support. We agree. KRS 403.213(1) provides, in relevant part, as follows:

The provisions of any decree respecting child support may be modified only as to installments accruing subsequent to the filing of the motion for modification and only upon a showing of a material change in circumstances that is substantial and continuing.

The only issue before the trial court was DK's school placement. An order directing Anna to seek child support—which she did not request on her own—is tantamount to modification of child support by a trial court, *sua sponte. See Holland v. Holland*, 290 S.W.3d 671 (Ky. App. 2009) (Trial court has no authority to modify child support in absence of written request for modification); *Combs v. Daugherty*, 170 S.W.3d 424 (Ky. App. 2005) (Trial court erred in granting mother's post-divorce motion to compel discovery of father's financial records for purpose of calculating child support where mother had **not** filed motion to modify child support.).

We vacate the February 15, 2016, Order of the Meade Circuit Court and remand for specific findings to determine DK's

school placement as dictated by her best interests.

ALL CONCUR.