RENDERED: APRIL 30, 2021; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2019-CA-1250-ME

TIFFANY RABE                                                                        APPELLANT

v.                   APPEAL FROM KENTON FAMILY COURT
                     HONORABLE CHRISTOPHER J. MEHLING, JUDGE
                     ACTION NO. 13-CI-00856

MICHAEL ABNEY                                                                       APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: CALDWELL, MCNEILL, AND TAYLOR, JUDGES.

CALDWELL, JUDGE: This case comes to us after successive motions for

modification of child support and other conditions were denied by the Kenton

Family Court. Because we find that the brief filed by Ms. Rabe, through counsel,

falls far short of meeting the requirements clearly outlined by CR[1] 76.12(4), we are

inclined to strike the brief for Ms. Rabe. However, as this case involves care and

---

[1] Kentucky Rules of Civil Procedure.

support of minor children, we review for manifest injustice.  *Galloway v. Pruitt,* 469 S.W.2d 556 (Ky. 1971).  In so doing, we find no manifest injustice in the order of the Kenton Family Court denying the relief requested, and therefore affirm.

**FACTS**

The parties to this action have two minor children in common.  Since 2013, the parties have continued to litigate custody and support of said children, who are now teenagers.  The litigation is too lengthy and eventful to recount in detail here, but it has been fraught with motions for contempt and multiple motions for modification of custody, visitation, and child support.

This appeal arises from the denial of a motion for modification filed by Ms. Rabe in 2019.  In appealing the family court's July 17, 2019 order, Ms. Rabe complains that the family court erred in imputing income to her in a 2018 modification order.  Prior to 2017, Ms. Rabe was a licensed registered nurse who earned $29.50 an hour.  She was terminated from her position after her nursing license was probated due to a substance abuse problem.  At the time of the 2018 motion for modification she was making considerably less working either as a server at a local restaurant or in freight operations for a logistics company.  In its 2018 order, the family court imputed the nursing income to Ms. Rabe, finding that she had failed to take the steps outlined by the licensing authority to regain her license and such failure was voluntary.

On appeal, Ms. Rabe argues that the family court erred in imputing the income she earned as a nurse. She argues that her separation from that career was not voluntary and that the diminution in her income constituted a sufficient change in income to warrant a modification of support.

## ANALYSIS

As mentioned *supra*, the brief filed on Ms. Rabe's behalf fails to conform to the minimal requirements of CR 76.12(4) in that it contains not one citation to the record. Rather than comport with the rules of appellate procedure, counsel instead chose to cite only to the orders of the Kenton Family Court, attaching them to the brief as items in the Appendix, rather than referring to the record as certified by the Kenton Circuit Court Clerk. Such is not appropriate and does not conform to the rules. Further, counsel makes no attempt to satisfy the requirement of CR 76.12(4)(c)(v), which requires a preservation statement as to each issue raised "which shall contain at the beginning of the argument a statement with reference to the record showing whether the issue was properly preserved for review and, if so, in what manner."

> Our options when an appellate advocate fails to abide by the rules are: (1) to ignore the deficiency and proceed with the review; (2) to strike the brief or its offending portions, CR 76.12(8)(a); or (3) to review the issues raised in the brief for manifest injustice only, *Elwell v. Stone*, 799 S.W.2d 46, 47 (Ky. App.1990).

*Hallis v. Hallis*, 328 S.W.3d 694, 696 (Ky. App. 2010).

The rules of appellate procedure are not mere desires or supercilious finery. Rather, they are meaningful, purposeful, and designed in furtherance of justice. As Judge Glenn E. Acree observed in *Hallis*:

> Compliance with this rule permits a meaningful and efficient review by directing the reviewing court to the most important aspects of the appeal: what facts are important and where they can be found in the record; what legal reasoning supports the argument and where it can be found in jurisprudence; and where in the record the preceding court had an opportunity to correct its own error before the reviewing court considers the error itself. The parties, when acting *pro se*, or their attorneys who appear before us have typically spent considerable time, sometimes even years, creating and studying the record of their case. On the other hand, the record that arrives on the desk of the judges of the reviewing court is entirely unknown to them. To do justice, the reviewing court must become familiar with that record. To that end, appellate advocates must separate the chaff from the wheat and direct the court to those portions of the record which matter to their argument. When appellate advocates perform that role effectively, the quality of the opinion in their case is improved, Kentucky jurisprudence evolves more confidently, and the millstones of justice, while still grinding exceedingly fine, can grind a little faster.

*Id.* at 696-97.

Because Ms. Rabe did not appeal from the September 4, 2018, order imputing the nursing income to her and declaring that she was voluntarily underemployed, there is no manifest injustice in denying relief in her attempt to appeal the court's July 17, 2019 order denying her motion to modify child support.

-4-

We find Ms. Rabe had no basis for filing the successive motions which begat the latter order. KRS[2] 403.213. "Filing of the notice of appeal within the time prescribed by CR 73.02 is mandatory and jurisdictional. This court thus lacks the requisite jurisdiction to entertain an appeal unless the notice is seasonably filed." *Burchell v. Burchell*, 684 S.W.2d 296, 299 (Ky. App. 1984) (citations omitted). In other words, Ms. Rabe was without basis for filing the motion from which she now appeals. She failed to appeal the only order for which there was an adequate basis for issuance pursuant to KRS 403.213. Thus, there is no manifest injustice in the family court's denial of relief to Ms. Rabe.

In the order properly before this Court, entered July 17, 2019, the family court declined to modify the amount of support set in its September 4, 2018, order. The family court held, in part, that a motion to modify child support is governed by KRS 403.213 and there had not been a sufficient change in circumstances to provide for modification. We agree. KRS 403.213(2) holds:

> Application which results in less than a fifteen percent (15%) change in the amount of support due per month shall be rebuttably presumed not to be a material change in circumstances. For the one (1) year period immediately following enactment of this statute, the presumption of material change shall be a twenty-five percent (25%) change in the amount of child support due rather than the fifteen percent (15%) stated above.

---

[2] Kentucky Revised Statutes.

Because Ms. Rabe did not appeal from the September 4, 2018, order, there can be no manifest injustice in the imputation of nursing income in that order. We find there has effectively been no change in circumstances whatsoever between the September 4, 2018, order and the order appealed from on July 17, 2019. Thus, no manifest injustice has occurred by the family court's refusal to modify the support amount as it properly applied the statute.

> A party seeking modification of child support must demonstrate "a material change in circumstances that is substantial and continuing." KRS 403.213(1); *Tilley v. Tilley*, 947 S.W.2d 63, 65 (Ky. App. 1997). The burden of proof is on the party seeking the modification. *See Combs v. Daugherty*, 170 S.W.3d 424, 426 (Ky. App. 2005). "Under KRS 403.213(2), a change in circumstances is rebuttably presumed to be substantial if application of the child-support guidelines (KRS 403.212) to the new circumstances would result in a change in the amount of child support of 15% or more." *Snow v. Snow*, 24 S.W.3d 668, 672 (Ky. App. 2000). If a material change in circumstances that is substantial and continuing occurs, the family court then must consider child support "anew." *Giacalone v. Giacalone*, 876 S.W.2d 616, 620 (Ky. App. 1994).

*Wilson v. Inglis*, 554 S.W.3d 377, 382 (Ky. App. 2018).

Ms. Rabe also complains that the family court was biased against her chosen paramour and improperly took judicial notice of his involvement with the justice system. However, yet again, this is not a new order. As clearly stated in the July 17, 2019, order, the family court had previously ordered on March 21, 2017, that the paramour not be in contact with the minor children of Ms. Rabe and

-6-

Mr. Abney as the paramour had a "significant record which includes alcohol intoxication, assault, domestic violence directed at women and children and pleading guilty to a DVO." Again, Ms. Rabe should have appealed the March 21, 2017, order, if she felt aggrieved by it, and we find no manifest injustice in the order properly before this Court.

Finding no manifest injustice in the Kenton Family Court's order, we affirm.

ALL CONCUR.


BRIEF FOR APPELLANT:

Michael W. Bouldin
Covington, Kentucky

BRIEF FOR APPELLEE:

Holly A. Daugherty
Erlanger, Kentucky