RENDERED: DECEMBER 1, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-1246-MR

JEREMY DANIEL FAUST        APPELLANT

APPEAL FROM GRANT CIRCUIT COURT
v.      HONORABLE REBECCA LESLIE KNIGHT, JUDGE
ACTION NO. 21-CI-00196

HEATHER LYNN FAUST        APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: CETRULO, KAREM, AND McNEILL, JUDGES.

McNEILL, JUDGE: Jeremy Faust ("Jeremy") appeals, *pro se*, from an order of

the Grant Circuit Court denying his CR[1] 60.02 motion to set aside the Domestic

Relations Commissioner's ("DRC") order establishing child support. After careful

review, we affirm.

---

[1] Kentucky Rules of Civil Procedure.

## BACKGROUND

Jeremy and Heather Faust ("Heather") were married in 2005 and have five children together. The couple divorced in 2021. Pursuant to a separation agreement, Jeremy was to pay Heather $1,290 per month in child support. At the time of the divorce, Jeremy's gross income was $46,000 per year and Heather was unemployed.

Subsequently, both parties moved to modify child support. At trial, Heather testified her current income was $2467 per month. Jeremy testified he had changed jobs and was now earning $20.50 per hour working for CVS. The DRC ordered Jeremy to produce bank statements and proof of income and for both parties to file briefs concerning child support modification.

Due to an oversight, Jeremey's attorney failed to file a brief and the DRC modified Jeremy's child support obligation based on past income, including several large, one-time deposits into Jeremy's bank account. The DRC found Jeremy to be voluntarily underemployed, imputed his monthly income at $8,335.39, and ordered him to pay $2,126.74 per month in child support. Almost two months later, now represented by new counsel, Jeremy filed his child support brief along with a CR 60.02 motion to set aside the child support order. Jeremy cited subsections (a) and (f), pertaining to "mistake, inadvertence, surprise or excusable neglect" or "any other reason of an extraordinary nature justifying

relief." The DRC denied the motion finding Jeremy was not entitled to relief under CR 60.02 and the circuit court adopted the DRC's recommendation. This appeal followed.

## STANDARD OF REVIEW

"Our standard of review for a trial court's denial of a CR 60.02 motion is abuse of discretion." *Lawson v. Lawson*, 290 S.W.3d 691, 693 (Ky. App. 2009) (citation omitted). The test for abuse of discretion is whether the trial court's decision is arbitrary, unreasonable, unfair, or unsupported by legal principles. *Goodyear Tire & Rubber Co. v. Thompson*, 11 S.W.3d 575, 581 (Ky. 2000).

## ANALYSIS

Jeremy argues the circuit court erred in denying his motion for CR 60.02 relief. CR 60.02 allows for relief of final judgment on the following grounds: (a) mistake, inadvertence, surprise or excusable neglect; (b) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59.02; (c) perjury or falsified evidence; (d) fraud affecting the proceedings; (e) the judgment is void, or has been satisfied, released, or discharged; or (f) any other reason of an extraordinary nature justifying relief. On appeal, Jeremy cites subsections (a), (b), (c), and (f), however, his motion below cited only (a) and (f). Therefore, we find any argument pertaining to

-3-

subsections (b) and (c) not preserved for our review. *See Fischer v. Fischer,* 348

S.W.3d 582, 588 (Ky. 2011)*, as modified* (Sept. 20, 2011), *abrogated on other*

*grounds by Nami Resources, L.L.C. v. Asher Land and Mineral, Ltd.*, 554 S.W.3d

323 (Ky. 2018) ("[S]pecific grounds not raised before the trial court, but raised for

the first time on appeal will not support a favorable ruling on appeal.").

As to subsection (a), Jeremy argues his attorney's failure to file a

child support memo constitutes a mistake under CR 60.02(a) which led to his child

support obligation being based on inaccurate income. As to subsection (f), he

argues an $800 increase in his child support obligation qualifies as a reason of

extraordinary nature justifying relief. We disagree. "Relief pursuant to CR 60.02

should only be granted in extraordinary situations, and the '[n]egligence of an

attorney is imputable to the client and is not a ground for relief under . . . CR

60.02(a) or (f).'" *Brozowski v. Johnson*, 179 S.W.3d 261, 263 (Ky. App. 2005)

(quoting *Vanhook v. Stanford-Lincoln County Rescue Squad, Inc.*, 678 S.W.2d

797, 799 (Ky. App. 1984)). We cannot say the circuit court abused its discretion in

denying Jeremy's CR 60.02 motion.

However, Jeremy is not without recourse. The circuit court has

continuing jurisdiction over child support matters. *Combs v. Daugherty*, 170

S.W.3d 424, 426 (Ky. App. 2005). He can always file a motion to modify child

-4-

support[2] to reduce his obligation if he can show a "material change in circumstances that is substantial and continuing." KRS[3] 403.213(1). "CR 60.02 is designed to provide relief where the reasons for the relief are of an extraordinary nature." *U.S. Bank, NA v. Hasty*, 232 S.W.3d 536, 541 (Ky. App. 2007) (internal quotation marks and citation omitted). A motion to modify child support pursuant to KRS 403.213(1) is the proper way to proceed for a party whose circumstances have changed since the initial child support order.

## CONCLUSION

Based upon the foregoing, the order of the Grant Circuit Court is affirmed.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Jeremy Faust, *pro se*
Berry, Kentucky

BRIEF FOR APPELLEE:

Grant M. Axon
Warsaw, Kentucky

---

[2] Apparently, Jeremy has already availed himself of this relief as it appears from the record a motion to modify child support is pending in the circuit court.

[3] Kentucky Revised Statutes.