Charles Edward **MCNEW, Appellant,**

v.

**COMMONWEALTH of Kentucky,**
**Appellee.**

**No. 2009–CA–001325–MR.**

Court of Appeals of Kentucky.

Aug. 20, 2010.

Robert C. Bishop, Elizabethtown, KY, for appellant.

Jack Conway, Attorney General, James C. Shackelford, Assistant Attorney General, Frankfort, KY, for appellee.

Before DIXON and KELLER, Judges; LAMBERT,[1] Senior Judge.

*OPINION*

LAMBERT, Senior Judge:

Charles Edward McNew appeals from an order of the Hardin Circuit Court denying his motion for post-conviction relief filed pursuant to Kentucky Rules of Civil Procedure (CR) 60.02. In the underlying case, pursuant to the terms of a plea agreement, Appellant had pled guilty to felony possession of drug paraphernalia and two misdemeanor offenses. He was sentenced to five years in prison. In this proceeding he contends that the sentencing judge lacked authority to enter a judgment and sentence, and he seeks *vacatur* of his convictions. Having reviewed the record and discovering no error, we affirm the denial of relief.

Appellant was charged by information with possession of drug paraphernalia (second offense), possession of marijuana and alcohol intoxication. On October 9, 2007, Appellant reached a plea agreement with the Commonwealth in which he agreed to plead guilty to all charges in exchange for the Commonwealth's recommendation of probation. The agreement was further conditioned upon Appellant's service of an alternate 60–day sentence and satisfaction of a number of other requirements including passing random drug screens, completing substance abuse counseling, and completing 32 hours per week of employment and/or community service. The plea

1. Senior Judge Joseph E. Lambert sitting as Special Judge by assignment of the Chief Justice pursuant to Section 110(5)(b) of the Kentucky Constitution and Kentucky Revised Statutes (KRS) 21.580.

agreement also contained sentencing enhancement clauses that would require Appellant to serve the maximum sentence on each charge in the event that he failed to appear for sentencing.

Appellant signed and filed the standard "Motion to Enter Guilty Plea." The trial court accepted the motion but withheld entry of judgment and sentencing pending completion of a presentence investigation report. A sentencing hearing was scheduled for November 27, 2007.

On the scheduled sentencing date, the trial judge, Hon. Ken Howard, signed a "Memorandum and Order of Disqualification" disqualifying himself as presiding judge in the case pursuant to KRS 26A.015(2)(b)[2] and (e)[3] and Canon 3E(1)(b) of the Kentucky Code of Judicial Conduct.[4] Judge Howard had been the Hardin County Attorney at the time the subject charges were brought against Appellant. However, the order left open the possibility that Judge Howard could return as presiding judge if the parties agreed to waive disqualification pursuant to Canon 3F of the Kentucky Code of Judicial Conduct, a rule that provides as follows:

Remittal of Disqualification. A judge disqualified by the terms of Section 3E may disclose on the record the basis of the judge's disqualification and may ask the parties and their lawyers to consider, out of the presence of the judge, whether to waive disqualification. If following disclosure of any basis for disqualification other than personal bias or prejudice concerning a party, the parties and lawyers, without participation by the judge, all agree that the judge should not be disqualified, and the judge is then willing to participate, the judge may participate in the proceeding. The agreement, signed by all parties and lawyers, shall be incorporated in the record of the proceeding.

The order further provided that unless there was a waiver of disqualification, the case would be transferred to Senior Judge Janet P. Coleman. It does not appear from the record that the parties agreed to waive Judge Howard's disqualification, so the case was transferred to Senior Judge Coleman in accordance with the order.

Meanwhile, Appellant failed to appear for sentencing.[5] Consequently, on November 28, 2007, Senior Judge Coleman signed a bench warrant for Appellant's arrest.

2. KRS 26A.015(2)(b) provides: "Any justice or judge of the Court of Justice or master commissioner shall disqualify himself in any proceeding ... [w]here in private practice or government service he served as a lawyer or rendered a legal opinion in the matter in controversy, or a lawyer with whom he previously practiced law served during such association as a lawyer concerning the matter in controversy, or the judge, master commissioner or such lawyer has been a material witness concerning the matter in controversy[.]"

3. KRS 26A.015(2)(e) provides: "Any justice or judge of the Court of Justice or master commissioner shall disqualify himself in any proceeding ... [w]here he has knowledge of any other circumstances in which his impartiality might reasonably be questioned."

4. The Kentucky Code of Judicial Conduct is set forth in Kentucky Supreme Court Rule (SCR) 4.300. Canon 3E(1)(b) provides: "A judge shall disqualify himself or herself in a proceeding in which the judge's impartiality might reasonably be questioned, including but not limited to instances where ... the judge served as a lawyer in the matter in controversy, or a lawyer with whom the judge previously practiced law served during such association as a lawyer concerning the matter, or the judge has been a material witness concerning it[.]"

5. Appellant had earlier failed to appear for a required drug screening. This incident was also brought to the attention of the trial court.

Appellant was not apprehended until February 24, 2009. At that time, the case was apparently returned to Judge Howard's docket, and he subsequently issued an order continuing the case until March 17, 2009, for sentencing.[6] On the day of the scheduled sentencing hearing, Appellant, his attorney, and the Commonwealth Attorney signed and filed a "Remittal of Disqualification" in which they waived Judge Howard's prior disqualification. The remittal reflects that such was done "without participation by the Judge." Judge Howard then entered a "Judgment and Order Imposing Sentence" finding Appellant guilty of the charged offenses and sentencing him to a total of five years imprisonment in accordance with the terms of the plea agreement—including the sentence enhancement clauses.

On May 13, 2009, Appellant, represented by new counsel, filed a motion to vacate the "Judgment and Order Imposing Sentence" pursuant to CR 60.02(a).[7] Appellant claimed that the "Remittal of Disqualification" was invalid and that Judge Howard, therefore, did not have the authority to impose a judgment and sentence upon him. Following a hearing, Judge Howard denied the motion.[8] He

also denied a subsequent motion for specific findings of fact and conclusions of law to support the decision. This appeal followed.

On appeal Appellant argues that Judge Howard lacked the authority to preside over his case following entry of the "Memorandum and Order of Disqualification" and that as a result, the "Judgment and Order Imposing Sentence" subsequently signed by Judge Howard was null and void.[9] In response, the Commonwealth contends that Judge Howard was entitled to resume presiding when the parties signed and submitted a valid "Remittal of Disqualification."

Appellant notes that while the "Remittal of Disqualification" was signed and entered, no facts were revealed showing the original reasons for Judge Howard's disqualification. He further notes that no facts were introduced indicating that the original reasons for Judge Howard's disqualification had been removed and were no longer in existence. Accepting the truth of these assertions, we fail to see their relevance. Appellant's consent waived Judge Howard's disqualification. We recognize that Canon 3F of the Code

---

**6.** It is unclear from the record why Judge Howard and not Senior Judge Coleman submitted this order. The Commonwealth speculates that Judge Howard continued the case because of his previous disqualification, but the record contains nothing definitive on this issue.

**7.** CR 60.02(a) provides: "On motion a court may, upon such terms as are just, relieve a party or his legal representative from its final judgment, order, or proceeding upon the following grounds: ... mistake, inadvertence, surprise or excusable neglect[.]" It is questionable that this was an appropriate basis for relief given that Appellant was essentially arguing that the judgment entered against him was void, but the parties have not raised the issue here. Thus, we decline to address it any further.

**8.** Appellant did not file a designation of record, so the record before us does not include a video or transcript of this hearing.

**9.** In the introduction to his brief, Appellant also asserts that he is appealing from the trial court's denial of his motion for findings of fact and conclusions of law. However, Appellant fails to address the issue anywhere else within his brief. Consequently, we decline to address the matter any further here with the exception of noting that such findings of fact and conclusions of law are not required in a case involving a CR 60.02 motion. *See* CR 52.01; *Clay v. Clay*, 424 S.W.2d 583, 584 (Ky.1968).

of Judicial Conduct precludes parties and lawyers from waiving disqualification when "personal bias or prejudice concerning a party" exists on the part of the trial judge. There has been no such bias or prejudice alleged in this case. Consequently, even though the basis for Judge Howard's original disqualification may not appear of record, we have discovered nothing to suggest that the parties did not have the right to waive that disqualification pursuant to Canon 3F.

We further note that Appellant has failed to allege that the procedural requirements of Canon 3F failed in this case with respect to the "Remittal of Disqualification." Instead, Appellant contends that the Supreme Court of Kentucky's decision in *Appalachian Regional Healthcare, Inc. v. Coleman*, 239 S.W.3d 49 (Ky.2007), which also involved questions regarding a judge's recusal and reentry into a case, required Judge Howard to remain disqualified. That opinion explicitly noted that no question of waiver existed because the parties had not agreed for the judge to remain on the case. *Id.* at 54. As such, the opinion also did not mention Canon 3F and its applicability. *Coleman* has limited precedential value here.

Appellant also argues that the "Remittal of Disqualification" is void because it was entered more than ten days after the "Memorandum and Order of Disqualification" was entered, in violation of CR 59. CR 59 sets forth a ten-day window following the entry of a "final judgment" within which a party may move to challenge the judgment or the time within which the trial court may, *sua sponte*, amend or vacate a judgment. *See* CR 59.02, 59.04, and 59.05. However, Appellant has provided us with no authority to support his position that such an order is considered a "final judgment" for purposes of CR 59. *See* CR 54.01. An extraordinary writ claim would

have been the proper procedural vehicle to ripen this argument.

It would have been better practice for Judge Howard to have disclosed on the record the basis for his earlier disqualification. Even without that disclosure, however, the parties waived disqualification pursuant to Canon 3F. Parenthetically, we suspect that failure of the parties to request reasons for disqualification at the time of remittal occurred because the parties were well aware that Judge Howard had been Hardin County Attorney at the time the charges were brought. In any event, however, the time to have requested disclosure of reasons for the prior disqualification was at the time the remittal was signed, not in a subsequent post-conviction collateral attack proceeding. Any error with respect to Judge Howard's failure to make the required disclosure is unpreserved.

In summary, we hold that the trial court did not err in denying Appellant's motion for CR 60.02 relief. Canon 3F of the Code of Judicial Conduct expressly gives parties the authority to waive a trial judge's disqualification. Consequently, when Judge Howard's disqualification was remitted, he regained authority to impose a judgment and sentence in this case. For the foregoing reasons, the order of the Hardin Circuit Court denying Appellant's CR 60.02 motion is affirmed.

ALL CONCUR.