RENDERED: JANUARY 26, 2024; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-0469-MR

ADAM WILLIS												APPELLANT


APPEAL FROM OHIO CIRCUIT COURT
v.				HONORABLE TIMOTHY R. COLEMAN, JUDGE
ACTION NO. 16-CR-00036


COMMONWEALTH OF KENTUCKY										APPELLEE


OPINION
AFFIRMING

** ** ** ** **

BEFORE: CETRULO, JONES, AND TAYLOR, JUDGES.

TAYLOR, JUDGE: Adam Willis, *pro se*, brings this appeal from a March 22, 2022, order denying his Motion for Modification of Sentence. We affirm.

On March 15, 2016, Willis was indicted by an Ohio County Grand Jury upon six counts of third-degree sodomy, six counts of unlawful transaction with a minor (illegal sexual activity – victim under 16 years of age), ten counts of distribution of obscene matter to a minor, six counts of first-degree sexual abuse, one count of prohibited use of an electronic communication system to procure

minor regarding sex offense, one count of use of a minor in a sexual performance, one count of unlawful transaction with a minor in the second degree, and persistent felony offender in the first degree. All the counts of the indictment involved the same individual who was under sixteen years of age.

Pursuant to a plea agreement with the Commonwealth, Willis pleaded guilty to the amended count of unlawful transaction with a minor (illegal controlled substances activity – victim under 16 years of age) and two counts of first-degree sexual abuse. By Formal Sentencing Order entered April 19, 2018, Willis was sentenced to twenty-years' imprisonment on the unlawful transaction with a minor charge and five-years' imprisonment on each of the two counts of first-degree sexual abuse. The three sentences were ordered to run consecutively for a total sentence of thirty-years' imprisonment. No direct appeal was pursued.

On August 9, 2021, Willis, *pro se*, filed a Motion for Modification of Sentence in the circuit court. Therein, Willis asserted that pursuant to Kentucky Revised Statutes (KRS) 532.110(1)(d) and (2), his sentence of imprisonment should be modified to run concurrently, rather than consecutively, for a total sentence of twenty-years' imprisonment. By Order entered October 1, 2021, the circuit court denied Willis's motion; however, the one-sentence order purportedly denied a "motion for modification of his bond." October 1, 2021, Order at 1.

Willis pursued a direct appeal (Appeal No. 2021-CA-1328-MR) of the October 1, 2021, Order. Some five months after the notice of appeal was filed, this Court entered a notice advising Willis that his appellant's brief was overdue.

While Appeal No. 2021-CA-1328-MR was pending, Willis filed a petition for writ of mandamus (Appeal No. 2022-CA-0040-OA) in this Court on January 14, 2022. In the petition, Willis requested this Court to order the circuit court to rule on his pending Motion for Modification of Sentence. In support thereof, Willis argued that his Motion for Modification of Sentence was still pending before the circuit court as the October 1, 2021, Order only denied a "motion for modification of his bond." By Order entered March 3, 2022, this Court denied Willis's petition for a writ of mandamus stating that "[t]here is no indication that [Willis] requested the circuit court to issue a ruling on his motion for modification of his sentence or to make the circuit court aware that he did not have a pending motion for bond reduction. Therefore, it has not been established that the circuit court is neglecting or refusing to adjudicate the matter." March 3, 2022, Order at 2.

On March 15, 2022, Willis filed a motion in this Court to dismiss his direct appeal (Appeal No. 2021-CA-1328-MR). Therein, Willis stated:

> 12. After receiving the Court's orders denying the writ [Appeal No. 2022-CA-0040-OA] and denying the motion to abate, Mr. Willis filed an AOC [Administrative Office of the Courts] 280 form with Hon. Coleman,

requesting that he enter an order on Mr. Willis'[s]
Motion for Modification of Sentence that is pending
before that court. Undersigned counsel apologizes for
the inconvenience caused to this Court by not filing the
AOC 280 form first before filing a writ of mandamus.

13. Because the underlying motion has not been
ruled on by the circuit court, there is nothing for Mr.
Willis to appeal at this time.

March 15, 2022, Motion to Dismiss at 3. This Court granted Willis's Motion to

Dismiss and dismissed Appeal No. 2021-CA-1328-MR.

Then, on March 22, 2022, Willis filed an AOC 280 form in the circuit

court. By Order entered the same day, the circuit court denied Willis's Motion for

Modification of Sentence. This appeal follows.

Willis contends the circuit court erred by denying his Motion for

Modification of Sentence. More particularly, Willis asserted below that pursuant

to KRS 532.110, his sentences of imprisonment should have been ordered to run

concurrently rather than consecutively. Effectively, his arguments look to whether

his sentence of imprisonment was an illegal sentence.[1]

Willis did not preserve this issue below; however, as the issue is one

of sentencing, Willis's failure to object is not a waiver of same. It is well-settled

"that this Court has 'inherent jurisdiction to cure . . . sentencing errors.'" *Jones v.*

---

[1] Adam Willis filed a *pro so* brief in this appeal. It is difficult to discern Willis's precise
contentions of error. We have attempted to interpret Willis's arguments as presented.

*Commonwealth*, 382 S.W.3d 22, 27 (Ky. 2011). Therefore, "an appellate court is not bound to affirm an illegal sentence just because the issue of the illegality was not presented to the trial court." *Id.* at 27. Simply stated, Willis's failure to object to the sentencing error does not impede appellate review of the alleged error. *Id.*

Willis's first issue raised on appeal claims that the circuit court erred when denying his motion to modify his sentence. Willis makes no substantive arguments on appeal regarding this issue other than claiming the circuit court abused its discretion.

Notwithstanding, we will examine the substance of Willis's argument below regarding the alleged illegality of his sentence. In particular, we will consider whether KRS 532.110(1)(d) and (2) mandate that Willis's sentences of imprisonments should have been ordered to run concurrently rather than consecutively.

KRS 532.110 provides, in relevant part:

(1) When multiple sentences of imprisonment are imposed on a defendant for more than one (1) crime, including a crime for which a previous sentence of probation or conditional discharge has been revoked, the multiple sentences shall run concurrently or consecutively as the court shall determine at the time of sentence, except that:

. . . .

(d) The sentences of a defendant convicted of two (2)
or more felony sex crimes, as defined in KRS

17.500,[2] **involving two (2) or more victims shall run consecutively**.

(2) **If the court does not specify the manner in which a sentence imposed by it is to run, the sentence shall run concurrently** with any other sentence which the defendant must serve unless the sentence is required by subsection (3) of this section or KRS 533.060 to run consecutively.

KRS 532.110(1)(d), (2) (emphasis added).

Willis contends that as both counts of sexual abuse in the first degree involved the same victim, KRS 532.110(1)(d) mandates that his two five-year sentences of imprisonment should have been ordered to run concurrently, not consecutively. Willis further alleges that pursuant to KRS 532.110(2), the five-year sentences of imprisonment should have been ordered to run concurrently to his twenty-year sentence as he alleges the circuit court did not specify the manner in which the sentences should run.

KRS 532.110(1)(d) clearly requires that sentences of imprisonment must run consecutively if there is more than one victim. However, KRS 532.110(1)(d) is silent regarding whether the sentences must run concurrently or consecutively where, as here, only one victim was involved. Thus, under these circumstances, the decision regarding whether to run the sentences concurrently or

---

[2] Kentucky Revised Statutes (KRS) 17.500(3)(a)9. and 10. include the crimes of sexual abuse and unlawful transaction with a minor.

consecutively was left to the circuit court's sound discretion. *See Howard v. Commonwealth*, 496 S.W.3d 471, 475 (Ky. 2016). Finding no abuse of discretion, we believe Willis's argument below that KRS 532.110(1)(d) required his two five-year sentences of imprisonment to run concurrently is without merit.

Similarly, Willis alleged below that the circuit court did not state in its order that his three sentences of imprisonment were to run consecutively; therefore, the sentences must run concurrently as set forth in KRS 532.110(2). However, Willis's argument below misstates the actual facts of this case. The circuit court's April 19, 2018, Formal Sentencing Order clearly states that the three sentences of imprisonment "shall run consecutive for a **total sentence of thirty (30) years**." April 19, 2018, Formal Sentencing Order at 2. Thus, Willis's argument that KRS 532.110(2) requires his sentences to run concurrently due to the court's failure to specify that the sentences run consecutively is totally without merit.

Willis next argues that the circuit court erred by not making findings of fact and conclusions of law pursuant to Kentucky Rules of Civil Procedure (CR) 52.01 when ruling upon his Motion for Modification of Sentence. Again, we disagree.

To begin, we note that Willis's Motion for Modification of Sentence did not cite a specific procedural rule or other legal basis for the motion. The

sentencing order was a final order and customarily the proper procedure to challenge a final order or judgment is a direct appeal. *Gross v. Commonwealth*, 648 S.W.2d 853, 856-57 (Ky. 1983). Clearly, Willis failed to timely appeal his final sentencing order entered on April 19, 2018. And, Willis did not timely assert any claim of ineffective assistance of counsel under RCr 11.42 as required by RCr 11.42(10). Accordingly, the only legal basis for the trial court to consider Willis's motion is CR 60.02 as a collateral attack of the April 19, 2018, Formal Sentencing Order. *Id.* Thus, to precipitate our review of Willis's CR 52.01 argument, we will treat his motion as having been filed under CR 60.02.

Under CR 60.02 a movant must demonstrate and allege special circumstances that would justify CR 60.02 relief from the order. *Id.* at 856. Based on our review of the record, Willis failed to allege any facts or circumstances that could not have been addressed on direct appeal or by a timely RCr 11.42 motion.

Regardless, it is well-settled that "findings of fact and conclusions of law are not required in a case involving a CR 60.02 motion." *McNew v. Commonwealth*, 320 S.W.3d 129, 131 n.9 (Ky. App. 2010) (citing CR 52.01; *Clay v. Clay*, 424 S.W.2d 583, 584 (Ky. 1968)). Consequently, we are of the opinion that the circuit court did not err by failing to make findings of fact and conclusions of law in this instance. The motion fails on its face under CR 60.02.

Finally, Willis argues on appeal that he was "coerced" into taking his plea deal. Willis details no facts or evidence to support this allegation. The Court notes that Willis was represented by counsel below in negotiating his plea agreement, and to the extent that counsel may have been ineffective, Willis failed to timely raise this issue before the circuit court pursuant to RCr 11.42(10). Accordingly, this argument is likewise without merit.

For the foregoing reasons, the order of the Ohio Circuit Court denying Willis's Motion for Modification of Sentence is affirmed.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Adam Willis, *Pro Se*
La Grange, Kentucky

BRIEF FOR APPELLEE:

Daniel J. Cameron
Attorney General of Kentucky
Frankfort, Kentucky

Kristin L. Conder
Assistant Attorney General
Frankfort, Kentucky