**James Lloyd CLAY, Appellant,**

**v.**

**Dorothy Davis CLAY, Appellee.**

Court of Appeals of Kentucky.

Feb. 23, 1968.

Errol Cooper, Jr., Lexington, for appellant.

C. B. Creech, P. Joan Skaggs, Ashland, for appellee.

DAVIS, Commissioner.

Dorothy Davis Clay recovered judgment against James Lloyd Clay in the sum of $6,388.92 for past due child maintenance payments, which had accrued pursuant to previous orders of the court. James attacks the judgment (1) as being clearly erroneous and not supported by evidence of probative value, (2) because the trial judge did not rule on certain motions which James had made, and (3) because the trial judge failed to make findings of fact and conclusions of law on all issues.

Dorothy has filed a motion to strike the brief filed in behalf of James, asserting that it contravenes RCA 1.210 in omitting a formal statement of the questions presented. We find that the brief does have a preliminary statement of questions presented, although it is not formally labeled as such. We do not approve the form of the brief, but we do not consider its deficiency of such magnitude as to strike it. Accordingly, the motion of appellee to that end is overruled.

The litigation before us is but one episode in a long and tortuous domestic relations conflict which has found its way into the Fayette Circuit Court on countless occasions since its inception April 21, 1953.[1] On September 8, 1966, Dorothy filed a motion "* * * for appropriate relief inasmuch as the defendant is in arrears in the amount of $7800.00 for child maintenance for the parties' two youngest sons, * * *." A rule against James was sought and issued. A hearing was had before a special judge (the third special judge who has been called upon in the various controversies between these parties). At the conclusion of the hearing, the judge entered the judgment appealed from.

The appellant has not brought here any transcript of the evidence which was heard by the special judge and upon which the special judge based his judgment. We are utterly at loss to imagine how it may be argued or determined that the finding of the special judge is clearly erroneous and not supported by evidence of probative value in such a circumstance. Knight v. Knight, Ky., 341 S.W.2d 59, relied on by the appellant, does not support appellant's position. In Knight, the court pointed out that a hearing is appropriate incident to a motion to require payment of a maintenance award. The appellant had a hearing in the present case. It is axiomatic that this court will assume, in absence of the evidence heard by the trial court, that the evidence which was heard was sufficient to sustain the finding of that court. Com., Dept. of Public Safety v. Glasscock, Ky., 415 S.W.2d 106, 2A Kentucky Digest, Appeal and Error,

Appellant's complaint that the trial judge failed to make findings of fact and conclusions of law is without merit. CR 52.01 exempts rulings on motions from its mandate for such findings of fact and conclusions of law. Powell v. Powell, Ky., 423 S.W.2d 896 (decided January 19, 1968); LeBus v. LeBus, Ky., 408 S.W.2d 200.

Appellant complains that the trial court failed to rule on motions filed by him on January 27, 1960, January 26, 1962, and May 9, 1962. There is nothing in the record before us to suggest that appellant demanded a ruling upon these motions, but it is manifest that the finding of the court substantially denied the relief sought in the motions anyway. Hatfield v. Derossett, Ky., 325 S.W.2d 84, affords no support to appellant's position, as that was an instance in which custody of children was involved rather than enforcement of an already entered maintenance award.

The judgment is affirmed.

All concur.

---

1. The maintenance allowance was fixed at $150 per month by order dated July 1, 1955.