Susan H. BURCHELL, Appellant,

v.

Delbert A. BURCHELL, Appellee.

and

Susan H. BURCHELL, Petitioner,

v.

Honorable Raymond E. LAPE, Jr., Circuit Judge, Respondent.

Court of Appeals of Kentucky.

Sept. 21, 1984.

Reconsideration Denied Oct. 1, 1984.

A. Neal Herrington, Pedley, Ross, Zielke & Gardner, Miles H. Franklin, Gary D. Phillips, Greenbaum, Young, Treitz & Maggiolo, Louisville, for appellant.

James Rowland, Ron Parry, Covington, for appellee.

Before GUDGEL, McDONALD and MILLER, JJ.

## OPINION AND ORDER

McDONALD, Judge.

This is an appeal from the judgment of the Kenton Circuit Court, entered after a postdissolution proceeding, and an original action brought by the appellant seeking a writ of prohibition enjoining the circuit judge from proceeding to enforce the order from which the appeal is taken. Because of the similarity of the parties and the subject matter, we have consolidated these matters before this court.

The marriage of the appellant, Susan H. Burchell, and the appellee, Delbert A. Burchell, was dissolved on August 9, 1983. The property settlement agreement entered into by the parties, found by the court not to be unconscionable, was incorporated into the decree of dissolution. The portion of the agreement pertinent to the appeal is as follows:

*Custody and Visitation* 1. The parties hereto shall have joint custody of the three infant children of the marriage as follows:

. . . . .

d. Petitioner and Respondent shall consult with one another regarding elementary and secondary schooling for the infant children, and regarding any elective medical or dental or surgical procedure. Petitioner will make the decision as to the above matters based on his thoughts about the children's well being and will not unreasonably withhold such decision. If Respondent objects to petitioner's decisions in the matters, and if after consultation they are unable to reach an agreement, then the matter will be submitted to a mutually agreeable third party, or if no third party can be agreed upon, then the matter submitted to the Court.

When the oldest of the parties' three children, Tad, reached the age to attend first grade, the Burchells were unable to agree where Tad should attend school or on who would arbitrate the issue. Thus, pursuant to the agreement, they submitted the matter to the court for a decision. They met with the judge, without their respective counsel, and apparently without a court reporter as we have not been presented with a transcript of the hearing.

On August 26, 1983, the court entered its order that Tad should be enrolled in St. Pius X, the parochial school desired by the appellee. According to the record no action was taken until October 5, 1983, when the parties jointly moved the court to amend the order. The amended order, also entered October 5, is identical to the August 26th order with the addition of language of finality. The appellant alleges that she asked the court to make findings pursuant to CR 52.04 by letter addressed to the court, dated September 1, 1983, although such request is not included in the court's record. She filed her notice of appeal on October 12, 1983.

Pursuant to the court's order of August 26, 1983, Tad attended St. Pius X for the 1983–84 school year. Prior to the start of his second year, and while her appeal was pending, the appellant attempted to enroll Tad in a public school. The appellee moved the trial court to again hear the parties and determine where the child should attend school. He also moved the court to issue a rule requiring the appellant to show cause why she should not be held in contempt and

for a restraining order. In turn the appellant filed her petition for a writ of prohibition and for intermediate relief. On August 22, 1984, this court temporarily enjoined the Kenton Circuit Court from taking further action in the matter until a decision on the merits of the petition could be addressed by a panel of this court. The appellee has moved to intervene in this action, and having received no objection, we GRANT his motion and ORDER that his tendered response be FILED as of the date of the entry of this opinion and order.

■ We are dismissing the appeal on our own motion as the appellant has failed to comply with CR 73.02(1)(a) which requires that a notice of appeal be filed within 30 days from the date of judgment or order from which it is taken. A final judgment was rendered in this matter on August 26, 1983. The order was noted on the clerk's docket sheet that same day. The court's amended order, adding words of finality, was superfluous and of no legal significance. As this is not a matter concerning multiple claims or multiple parties no additional language was necessary to render the August 26th order final and appealable. Furthermore, the record does not contain any "timely motion" which would terminate the running of the time for the appeal pursuant to CR 73.02(1)(e). Even if the letter of September 1, 1983, requesting the court to make findings, had been filed of record, a request made pursuant to CR 52.04 does not stop the running of time to appeal. *Id.*

■ Filing of the notice of appeal within the time prescribed by CR 73.02 is mandatory and jurisdictional. *Cobb v. Carpenter*, Ky.App., 553 S.W.2d 290 (1977). This court thus lacks the requisite jurisdiction to entertain an appeal unless the notice is seasonably filed. Jurisdiction may not be conferred on this court by consent of the parties or by waiver. *See Moore v. Lee Court Realty Company*, 240 Ky. 835, 43 S.W.2d 45 (1931). The trial court may extend the time for taking an appeal for ten days only "upon a showing of excusable neglect on a failure of a party to learn of

the entry of the judgment," CR 73.02(1)(d), and it cannot indirectly extend the time by a repetition or a renewal of an otherwise final order.

■ Although we are compelled to dismiss the appeal, we note, for the benefit of the parties, that appellant's arguments are without merit. She argues that as under the terms of the separation agreement she has physical possession of the children on all school days throughout the year, K.R.S. 403.330(1) mandates she be allowed to determine where the children should attend school. K.R.S. 403.330(1) provides as follows:

(1) *Except as otherwise agreed by the parties in writing at the time of the custody decree,* the custodians may determine the child's upbringing, including his education, health care, and religious training, unless the court after hearing, finds, upon motion by the noncustodial parent, that in the absence of a specific limitation of the custodian's authority, the child's physical health would be endangered or his emotional development significantly impaired. [Emphasis added.]

Clearly this statute is not applicable to this matter as the parties agreed they would have joint custody of the children and specifically agreed to jointly make those decisions involving their children's education and health care needs. That the appellant has physical possession of the children does not accord her superior authority to determine how the children will be raised. Although she is responsible for their day-to-day care while they are in her possession, major decisions affecting the children must be made in concert with their other parent, the appellee.

■ Joint custody is an arrangement whereby both parents share the decision making in major areas concerning their child's upbringing, a role traditionally enjoyed by both parents during the marriage, but which is usually reposed solely in one parent following dissolution. *See* R. Petrilli, *Kentucky Family Law* § 26.8(b) (1969 and Supp.1983). The benefits to be gained

by the children of divorced parents, the parents themselves, and society in general, by the continued involvement of both parents in the vital decisions to be made have been extolled in the popular media as well as legal treatises. *See* C. Bratt, *Joint Custody,* 67 Ky.L.J. 271 (1978), and H. Robinson, *Joint Custody: An Idea Whose Time Has Come,* 21 J.Fam.L. 641 (1983).

██ If, as in the instant case, the parties to a joint custody agreement are unable to agree on a major issue concerning their child's upbringing, the trial court, with its continuing jurisdiction over custody matters, must conduct a hearing to evaluate the circumstances and resolve the issue according to the child's best interest. Once the parents have abdicated their role as custodians to the trial court, its decision is binding on the parties until it is shown that the decision is detrimental to the child physically or emotionally, or is no longer in his best interest.

██ Finally, in regard to the appeal, the court's error below to make in-depth findings of fact was not preserved for our review as the request for such findings is not contained anywhere in the court's record. Furthermore, had the court made specific findings we would be unable to determine them to be clearly erroneous as the appellant, as stated, neither presented us with a transcript of evidence, nor a narrative statement. *See Clay v. Clay,* Ky., 424 S.W.2d 583 (1968).

We thus ORDER the appeal be DISMISSED.

In her original action, the appellant/petitioner asserts that the trial court is without jurisdiction to entertain the motions made by the appellee to force her to comply with its order pending the outcome of the appeal in this court. She further alleges she will suffer irreparable harm if she is not allowed to exercise her parental right in determining where Tad will attend the second grade.

██ It is clear to us that the petitioner has not shown that she is entitled to the extraordinary relief sought. The issuance of a writ of prohibition is only appropriate when the trial court is acting without jurisdiction, or is proceeding erroneously within its jurisdiction and the petitioner has no adequate remedy at law. *See Lexington v. Cox,* Ky., 481 S.W.2d 645 (1972). As the appellant's notice of appeal was untimely, jurisdiction, as discussed, was never conferred upon this court and remained in the circuit court. Furthermore, even if an appeal had been properly before us it is well settled that the trial court has the authority to enforce compliance with its orders in domestic relations matters during the pendency of an appeal. *Penrod v. Penrod,* Ky., 489 S.W.2d 524 (1972). Although the *Penrod* case was decided before the vast changes in our divorce law enacted by the 1972 General Assembly, the holding therein was reaffirmed by our Supreme Court in *Peniston v. Peniston,* Ky., 511 S.W.2d 675, 676 (1974). Finally, the alleged irreparable harm experienced by the petitioner because of her inability to solely determine where her children will attend school, is not the result of any action of the trial court the petitioner desires to prohibit, but of her voluntary agreement to have joint custody with the appellee.

It is ORDERED that the petition for writ of prohibition be DENIED, and we regret any inconvenience we may have caused the trial court by granting the petition for intermediate relief.

MILLER, J., concurs.

GUDGEL, J., concurs in part and dissents in part.

GUDGEL, Judge, concurring in part and dissenting in part.

I concur in the portion of the majority opinion which dismisses this appeal because appellant failed to file a timely notice of appeal. I dissent from the portion of the opinion which gratuitously addresses the merits of this case. Agreements of parents to share joint custody are not binding on the trial court. KRS 403.180(2). Further, even if such an agreement is initially

approved, it is subject to modification. KRS 403.180(6). Moreover, a trial court may not grant or approve any agreement for joint custody unless it finds that joint custody is in the best interests of the child. KRS 403.270(3).

This case demonstrates the need for the statutory restrictions and limitations with respect to agreements for joint custody. Like so many theories which have a noble purpose they often prove to be unworkable when tested in a practical world. Although the parties in the instant action agreed to share joint custody, and their agreement was approved by the trial court, it did not take long for the agreement to become unworkable. Presently the Burchells are unable to agree on the basic issue of whether their child should attend a church school or a public school. Pursuant to their agreement a circuit judge has undertaken to make that decision for them. I simply cannot accede to the proposition that the joint custody agreement in the instant action is sustainable as being in the child's best interests. In effect, under the terms of the agreement, the circuit judge has agreed to assume a role as Tad's parent. I believe that it is an abuse of discretion for a circuit judge to voluntarily assume a parental decision making function for himself under the terms of a joint custody agreement. Further, I believe that any such agreement is unenforceable against the parent having physical custody of the child. KRS 403.330 confers a right to determine a child's education on the child's custodial parent unless the parents agree otherwise in writing. Here, the parties did not have such an agreement. They only agreed that if they could not agree as to the child's education the court would determine the issue for them. The agreement contemplated by the statute, however, is one by which the custodial parent unconditionally agrees to permit the non-custodial parent to determine issues as to the child's education. Thus, contrary to the majority's conclusion, I am of the opinion that KRS 403.330 is applicable to this case. Appellant has a statutory right absent a finding that Tad's physical health will be endangered or his emotional development impaired, to enrol Tad in the school of her choice. *Wilhelm v. Wilhelm,* Ky., 504 S.W.2d 699 (1973). Accordingly, I respectfully dissent from the portion of the majority opinion which reaches a contrary conclusion.