RENDERED: MAY 27, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-0904-ME

VIVIAN RENAE KARUTZ                                                    APPELLANT

v.                    APPEAL FROM FAYETTE CIRCUIT COURT
                      HONORABLE TRACI H. BRISLIN, JUDGE
                      ACTION NO. 16-CI-02622

WILLIAM MATTHEW KARUTZ                                              APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: GOODWINE, MAZE, AND McNEILL, JUDGES.

McNEILL, JUDGE: Vivian Renae Karutz ("Mother") appeals from the Fayette

Circuit Court's order finding that it was in her child's best interest to attend Seton

Catholic School ("Seton") in Lexington, Kentucky. Mother argues the trial court's

order violates her constitutional right to religious freedom. For the reasons below,

we affirm.

Mother and Father[1] share joint custody of their daughter, A.R.K. ("child"), who has been at the center of a protracted legal dispute since the parties' separation in 2016. Relevant to the appeal, the parties could not reach an agreement as to where the child should attend kindergarten and petitioned the court to resolve the issue. Father's preferred choice was Seton Catholic School in Lexington, Kentucky. Mother wanted child to attend Berea Independent Community School ("Berea Independent") in Berea, Kentucky. The court held a hearing on the matter on June 10, 2021.

Father testified that Seton was his preferred school because it was closer to the interstate and thus logistically better for pick-ups and drop-offs; had a later start time so child could sleep in; was more diverse than Berea Independent, was a newer school with better technology and academics; had a low student-to-teacher ratio; had an aftercare program; and the staff was communicative and friendly. Father further testified that child would know other children attending Seton, including his girlfriend's daughter, who is the same age, and children from his church.

Father, who is Catholic, liked that Seton was a Catholic school but noted that the curriculum also emphasized general Christian principles, as well as secular subjects such as Darwinism and evolution. Father said that he was willing

---

[1] Appellee William Matthew Karutz.

to pay Seton tuition costs. Father expressed concern about child attending Berea Independent due to Mother's pending criminal charges in Berea for second-degree animal cruelty. Because Berea is a small community, Father worried child could be stigmatized, even if Mother was acquitted.

Mother testified that Berea Independent was her primary choice because it was less than a mile from her work, was in a small town, and was where she went to school as a child. She also liked that it provided a K-12 grade education in one place and liked the open classroom layout of the school. Mother, who is Baptist, was not comfortable with child attending a Catholic school and preferred that child attend a secular school.

Following the hearing, the trial court entered detailed findings of fact, concluding that it was in child's best interest to attend Seton. The trial court cited *Young v. Holmes*, 295 S.W.3d 144 (Ky. App. 2009), for its authority to order child to attend a parochial school, and noted that the religious aspect of Seton was only one factor, among many, as to why Father preferred Seton. The court listed other, non-religious reasons supporting Father's school choice including Seton's later start time, the teacher-to-student ratio, its academic programs, and on-site childcare, just to name a few.

The court further explained its ruling, stating

> The Court believes that [child] may experience negative
> social consequences as a result of [Mother]'s pending

animal cruelty case, even if [Mother] is not found guilty, given that Berea is a small community and the family's business could be talked about locally as a result of the upcoming trial. Further, if [Mother] is given jail time of up to a year, the child would be going to school in a town 35-45 minutes away from [Father], which is not fair to [child] or [Father].

The court concluded that "[s]ending [child] to a Catholic school does not violate the First Amendment rights of [Mother], as the Court's decision is not based upon religious interests, and such impropriety cannot be presumed merely because the school selected had a religious connotation in addition to its academic offerings[,]" again citing *Young*. This appeal followed.

Mother argues on appeal that the trial court's order compels her to send her child to a school she is conscientiously opposed to in violation of her constitutional rights, specifically Sections 1 and 5 of the Kentucky Constitution. She argues the trial court's analysis failed to address Section 5, as well as KRS[2] 446.350. She also contends the trial court relied upon inadmissible hearsay in its findings of fact.

In contravention of CR[3] 76.12(4)(c)(v), Mother does not state how she preserved any of her arguments in the trial court. A review of the record shows that Mother's only mention of constitutional rights referenced the First

---

[2] Kentucky Revised Statutes.

[3] Kentucky Rules of Civil Procedure.

-4-

Amendment. Mother never mentioned Section 5 of the Kentucky Constitution or KRS 446.350. Therefore, these allegations of error were not properly preserved, and we will not address them. *See Fischer v. Fischer*, 348 S.W.3d 582, 588 (Ky. 2011), *abrogated on other grounds by Nami Res. Co., L.L.C. v. Asher Land & Min., Ltd.*, 554 S.W.3d 323 (Ky. 2018) ("specific grounds not raised before the trial court, but raised for the first time on appeal will not support a favorable ruling on appeal"); *Springer v. Commonwealth*, 998 S.W.2d 439, 446 (Ky. 1999) (citations omitted) ("A new theory of error cannot be raised for the first time on appeal."); *Ten Broeck Dupont, Inc. v. Brooks*, 283 S.W.3d 705, 734 (Ky. 2009) (internal quotation marks and citations omitted) ("An appellate court is without authority to review issues not raised in or decided by the trial court.").

However, we will address Mother's general argument that the trial court's order violates her constitutional right to religious freedom. The trial court correctly determined that the proper standard when making a significant decision concerning a child's upbringing, such as where it will attend school, is the best interests of the child. *Burchell v. Burchell*, 684 S.W.2d 296 (Ky. App. 1984). In *Burchell* we held:

> If . . . the parties to a joint custody agreement are unable to agree on a major issue concerning their child's upbringing, the trial court, with its continuing jurisdiction over custody matters, must conduct a hearing to evaluate the circumstances and resolve the issue according to the child's best interest. Once the parents have abdicated

-5-

their role as custodians to the trial court, its decision is binding on the parties until it is shown that the decision is detrimental to the child physically or emotionally, or is no longer in his best interest.

*Id.* at 300. "As to what constitutes the best interest of the child, any factual findings are reviewed under the clearly erroneous standard; any decisions based upon said facts are reviewed under an abuse of discretion standard." *Young*, 295 S.W.3d at 146.

The trial court relied upon *Young* as authority to send child to a parochial school. *Young* presented an almost identical fact scenario to this case. There, Mother argued that the trial court's order requiring her child to attend St. Athanasius Catholic School in Louisville, Kentucky violated her First Amendment right to religious freedom. At the time of the court's order, the parents, who shared joint custody, could not decide where to send the child to kindergarten. Since the parties could not agree, the trial court determined to resolve the conflict based upon the best interests of the child.

On appeal, we upheld the trial court's ruling, citing *Burchell*. We noted that "the parties as joint custodians could not agree on a major issue concerning the education of the child. Their failure to agree ultimately resulted in their abdication of such a decision to the trial court." *Young*, 295 S.W.3d at 147. We concluded that substantial evidence supported the trial court's decision that

attending St. Athanasius was in the best interests of the child and the court's decision did not violate the First Amendment. *Id.*

Similarly, here, substantial evidence supports the trial court's decision that sending child to Seton is in child's best interest. The trial court specifically mentioned the school's proximity to the interstate, its later start time, its teacher-to-student ratio, its on-site aftercare program, and the fact that child would know other students attending Seton. Perhaps most importantly, the trial court felt it was not in child's best interest to attend Berea Independent because of the possibility that child might experience negative social stigma due to Mother's pending animal cruelty case in Berea. Further, the trial court specifically noted its decision was not based upon religious interests. Mother "bear[s] the burden of proving that the decision of the trial court was based upon religious interests and such impropriety [will] not be presumed merely because the school selected had a religious connotation in addition to its academic offerings." *Young*, 295 S.W.3d at 147. We find no error.

Finally, Mother argues the trial court's findings relied upon inadmissible hearsay and thus were clearly erroneous. "The standard of review for a trial court's evidentiary ruling is abuse of discretion." *Rucker v. Commonwealth*, 521 S.W.3d 562, 569 (Ky. 2017) (citation omitted). "The test for abuse of

discretion is whether the trial judge's decision was arbitrary, unreasonable, unfair, or unsupported by sound legal principles." *Id.* (citation omitted).

During the hearing, Mother objected to Father testifying about his research into why Seton was a superior school. The trial court allowed the testimony for the limited purpose of showing why Father preferred that child attend Seton over other schools. Mother now argues that the trial court "adopted Father's hearsay testimony as fact and incorporated it into its findings of fact." We disagree.

First, Father's testimony was not hearsay because it was not offered to prove the truth of the matter asserted; *i.e.*, that Seton was a better school, but to show why Father believed Seton to be the best choice. *See* KRE[4] 803(c). Second, the trial court did not "adopt[] [F]ather's hearsay testimony as fact." As is clear from the order, the court cited Father's testimony as evidence of non-religious reasons why *Father* preferred Seton, not as fact. Again, we find no error.

Accordingly, the order of the Fayette Circuit Court is affirmed.

ALL CONCUR.

---

[4] Kentucky Rules of Evidence.

BRIEFS FOR APPELLANT:        BRIEF FOR APPELLEE:

Joseph D. Buckles           Ann D'Ambruoso
Lexington, Kentucky         Lexington, Kentucky