RENDERED:  JANUARY 27, 2023; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2021-CA-1233-MR

AARON J. HAUBNER  APPELLANT


APPEAL FROM BOONE CIRCUIT COURT
v.  HONORABLE JENNIFER R. DUSING, JUDGE
ACTION NO. 20-CI-00728


JAMIE E. HAUBNER  APPELLEE


OPINION
VACATING AND REMANDING

** ** ** ** **

BEFORE:  EASTON, ECKERLE, AND GOODWINE, JUDGES.

EASTON, JUDGE:  The Appellant contests a decision of the Boone Family Court affecting the custody of his two minor children, specifically an order regarding counseling.  Upon review, we are compelled to vacate and remand for required written findings of fact.

This is an appeal arising from a dissolution of marriage action in Boone Family Court. Most of the issues were resolved by the parties pursuant to a partial settlement agreement, which the family court incorporated into its decree on September 23, 2021. The sole issue before us involves an issue the parties did not address in their partial settlement agreement, whether and to what extent therapy or counseling would be appropriate for their two minor sons, S.J.T.H. (born 2010) and H.W.H. (born 2013).

The issue of therapy and counseling was not raised by the family court.[1] The parents raised the issue, which they had reserved in their partial settlement agreement as an ancillary custody issue. The parents share joint custody of the children. The children's mother, Appellee ("Jamie") believed counseling would be beneficial. The children's father, Appellant ("Aaron") objected to counseling as unnecessary. Having reached an impasse as to counseling, they asked the family court to resolve their disagreement.

---

[1] When addressing the issue of custody, a trial court must consider all relevant factors, which may include "[t]he mental and physical health of all individuals involved[.]" Kentucky Revised Statute ("KRS") 403.270(2)(e). Thus, with or without the approval or a motion from the involved parents, the trial court has discretionary authority to order the parties (including the minor children) to undergo psychological evaluations and counseling during the proceedings. *See* Family Court Rule of Practice and Procedure ("FCRPP") 6(2). Moreover, the trial court may condition granting a final hearing in a dissolution proceeding upon the completion, by everyone in the family, of divorce counseling or a divorce education program. *See* FCRPP 6(4). Nothing to that effect occurred below, nor was it required. In any event, in exercising any such discretionary authority, the overriding principle in custody matters is, as always, that the best interest of each child must be served by the family court's decision. *Burchell v. Burchell*, 684 S.W.2d 296, 300 (Ky. App. 1984).

On September 14, 2021, the family court held a two-hour evidentiary hearing on this matter. The only evidence offered for consideration by the court was the testimony of Aaron and Jamie, who each explained why, in their respective lay opinions,[2] the children should or should not attend counseling. Thereafter, the family court ruled in Jamie's favor. Its findings to that effect, as set forth in a "supplement to decree" order of September 27, 2021, were in relevant part as follows:

> The Court, having heard and carefully considered the testimony and evidence presented; and being in all ways sufficiently advised, makes the following:
>
> 1. The minor children shall attend counseling with Abby at Brightside Counseling[3] or another agreed upon child therapist.
>
> 2. The children shall attend at a frequency of two (2) times per month, or less as agreed upon by the parties or recommended by the counselor.
>
> 3. Counseling shall continue until recommended by the counselor that the children no longer need counseling or as agreed upon by both parties.
>
> 4. Both parties shall be involved in the counseling and may participate, as recommended by the counselor.

---

[2] Aaron and Jamie each testified they had no training or experience with therapy or counseling.

[3] The qualifications of any counselor were not presented at the evidentiary hearing. And, while the parties were apparently aware of the identity of "Abby at Brightside Counseling," nothing of record indicates her last name.

5.  The cost of counseling shall be divided by the total percentage of incomes as set forth in the Child Support Worksheet attached to the Property Settlement and Custody Agreement, with Father paying 73% and Mother paying 27%.

On appeal, Aaron argues the family court's order directing the children to attend therapy made insufficient findings to justify its order, and the specifics of the family court's counseling directive were vague and overbroad. Upon review, we agree the findings are insufficient requiring remand. Generally speaking,

> Issues concerning educational decisions and medical decisions are matters of custody. *Keeton v. Keith*, 511 S.W.3d 918, 921 (Ky. App. 2017). "A significant and unique aspect of full joint custody is that both parents possess the rights, privileges, and responsibilities associated with parenting and are expected to consult and participate equally in the child's upbringing." *Pennington v. Marcum*, 266 S.W.3d 759, 764 (Ky. 2008). Where the parties "are unable to agree on a major issue concerning their child's upbringing, the trial court, with its continuing jurisdiction over custody matters, must conduct a hearing to evaluate the circumstances and resolve the issue **according to the child's best interest**." *Burchell v. Burchell*, 684 S.W.2d 296, 300 (Ky. App. 1984) (emphasis added).

*Warawa v. Warawa*, 587 S.W.3d 631, 636 (Ky. App. 2019).

Like educational and medical decisions, mental health decisions (*e.g.*, whether to order counseling or therapy for minor children) are matters of custody. Moreover, there is no dispute between the parties that the mental health decisions

-4-

at issue were major ones.  Here, as required, the family court conducted a hearing on the issue after the parties reached an impasse.  However, it was not enough for the family court to conduct a hearing and reach a documented decision.  Rather, the family court was required "to evaluate the circumstances and resolve the issue **according to the child[ren]'s best interest**." *Id*. (citation omitted).

This paramount basis for custody decisions requires findings of fact. The family court's order does not contain findings to explain why counseling was warranted, why the frequency was chosen, or why it was consistent with the children's best interests.  As such, it does not comply with *Anderson v. Johnson*, 350 S.W.3d 453 (Ky. 2011), and *Keifer v. Keifer*, 354 S.W.3d 123 (Ky. 2011), which require written findings of fact in all matters affecting child custody – regardless of whether an aggrieved party requests such findings.[4]

Jamie asserts on page 2 of her appellate brief, without citation to the record, that the family court did make a "best interests" determination.  Having reviewed the recorded hearing, this Court found no exposition on this subject.  The family court stated nothing on the subject in its post-hearing, handwritten calendar order of September 14, 2021, or in its written order of September 27, 2021, or at any point in time from the bench during the two-hour evidentiary hearing.

---

[4] As Jamie points out, Aaron did not request findings of fact pursuant to Kentucky Rule of Civil Procedure ("CR") 52.04.  While such a failure would generally waive an objection about insufficient findings, custody, including counseling decisions, is an exception under the precedents cited here by the Court.

Jamie points out that in *Benton v. Sotingeanu*, 450 S.W.3d 714 (Ky. App. 2014), the court held findings of fact and conclusions of law were unnecessary in an order resolving an impasse between joint custodians involving whether their child should have a passport. *Id*. at 717-18. But the *Benton* Court's decision in that regard was founded upon its conclusion that the mere issuance of a passport, standing alone, was not a matter affecting timesharing or custody, or one that modified a final order affecting those issues. *Id*. Here mental health decisions for children are matters of custody. Additionally, by its plain terms, the family court's "supplement to decree" order of September 27, 2021, *supplemented* and thus modified the family court's dissolution decree of September 23, 2021, regarding a custody issue.

The overriding principle in custody matters is that the best interest of each child must be served by the family court's decision. *Burchell*, 684 S.W.2d at 300. "As to what constitutes the best interest of the child, this Court reviews any factual findings under the clearly erroneous standard; any decisions based upon said facts are reviewed under an abuse of discretion standard." *Burch v. Lipscomb*, 638 S.W.3d 460, 463 (Ky. App. 2021) (citations omitted). However, absent any written factual findings or an oral recitation that the family court's decision comports with the children's best interests, this Court cannot properly review the family court's order.

Accordingly, we VACATE the family court's decision, as set forth in its order, to require the children to participate in counseling. On REMAND, the family court shall render an order consistent with the requirements of *Anderson*, 350 S.W.3d 453, and *Keifer*, 354 S.W.3d 123. In compliance with this mandate, the family court may rely upon the evidence that was presented at the hearing previously held, or it may conduct any further proceedings it deems necessary.

Because we are remanding the case and to avoid any future appeal issues, we counsel against even unintended delegation to any third party the responsibility for resolving issues affecting the best interests of the children. *Warawa*, 587 S.W.3d at 637. This would include any determination of when any such counseling or therapy should end. *See Burchell*, 684 S.W.2d at 300 (explaining, "Once the parents have abdicated their role as custodians to the trial court, its decision is binding on the parties until it is shown [to the trial court] that the decision is detrimental to the child physically or emotionally, or is no longer in his best interest."). A schedule for a court review of the counseling may replace an open-ended continuation of therapy until a counselor feels it is no longer needed.

Finally, we note Aaron's primary complaint throughout the September 14, 2021, evidentiary hearing was that there was no objective assessment from any qualified professional that the children would benefit from counseling, or what amount of counseling they would benefit from, or what the duration of the

-7-

counseling should be. Aaron testified during the evidentiary hearing that he was "not against" the family court invoking its permissive authority to order a psychological assessment of the children to consider counseling. The family court may now have information available about counseling already undertaken or being considered to support specific written findings of fact.

For the reasons stated, the order of the Boone Family Court is VACATED, and this case is REMANDED for proceedings consistent with this Opinion.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Brandy K. Lawrence
Fort Wright, Kentucky

BRIEF FOR APPELLEE:

Jessica L. Beauchamp
Cincinnati, Ohio