RENDERED: JANUARY 31, 2025; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2023-CA-1395-MR

JASON LAMARR TAYLOR                                             APPELLANT

v.          APPEAL FROM KNOTT FAMILY COURT
            HONORABLE DWIGHT S. MARSHALL, JUDGE
            ACTION NO. 13-CI-00414

TEANNA LEIGH TAYLOR (NOW
MOORE)                                                          APPELLEE

OPINION
REVERSING AND REMANDING

** ** ** ** **

BEFORE: CETRULO, ECKERLE, AND KAREM, JUDGES.

ECKERLE, JUDGE: Appellant, Jason Taylor ("Father"), seeks review of a March

28, 2022, Order of the Knott Family Court that granted a motion of Appellee,

Teanna Moore ("Mother"), to prohibit the parties' then-ten-year-old daughter

("Child") from receiving subsequent doses of the Pfizer-BioNTech pediatric

inoculation for COVID-19 (the "COVID-19 injection"). After careful review, we reverse and remand.

BACKGROUND

These parties were previously before this Court on an appeal from the same order. We dismissed that appeal as interlocutory because Father filed the notice of appeal prior to the Family Court's ruling on his Kentucky Rule of Civil Procedure ("CR") 59.05 motion to alter, amend, or vacate. *Taylor v. Taylor*, No. 2022-CA-0474-MR, 2023 WL 3398203 (Ky. App. May 12, 2023). On November 1, 2023, the Family Court entered an Order denying Father's CR 59.05 motion, and on November 29, 2023, Father filed a second notice of appeal. Thus, the appeal of the March 28, 2022, Order is now properly before this Court.

Because the facts at issue remain the same, we shall adopt the following background as outlined in the Court's previous Opinion:

> Father and Mother were married in 2006 and separated in 2013. [Child] was born during the marriage. On December 12, 2013, [Mother] filed a petition for dissolution of the marriage. The parties eventually entered into a marital settlement agreement, which provided, in relevant part, that they would share joint custody of Child with the parties sharing equal parenting time. The Family Court adopted their agreement into a decree entered on July 21, 2014.
>
> The current dispute arose in December 2021, when Father contacted Mother about vaccinating Child with the Pfizer-BioNTech pediatric vaccine for COVID-19. Mother opposed Child having the vaccine, stating that

-2-

there was insufficient data on its potential long-term effects. However, Mother indicated that she might be open to the idea in the future.

On January 24, 2022, Father contacted Mother, again asking about having Child vaccinated. Mother again expressed concerns about the vaccine's efficacy and potential side effects. Father stated that Child needed to be vaccinated before a planned cruise, but Mother still refused to allow it. Father then stated that he intended to get Child vaccinated anyway. Child received the first dose of the vaccine on January 28.

On February 10, 2022, Mother filed a motion to show cause why Father should not be held in contempt for his failure to abide by the joint custody provisions of the settlement agreement. She also sought to prohibit Father from further vaccinating Child without her consent. The Family Court held a hearing on the motions on March 21, 2022.

Thereafter, on March 28, 2022, the Family Court issued findings of fact, conclusions of law, and separate orders on the motions. After summarizing the testimony, the Family Court found that it is not in the best interest of Child to be administered the remaining doses of the vaccine. In a separate order, the Court found Father in contempt for violation of the custody terms for having Child vaccinated without Mother's agreement. The court directed that Father "shall obtain leave of the Court or [Mother's] agreement for any and all future major life decisions pertaining to the minor child."

*Taylor*, 2023 WL 3398203, at *1.

Additionally, we note that after the March 21, 2022, hearing, the Family Court took the matter under consideration and asked the parties' counsel to submit proposed orders; it made no oral rulings on that date. The accompanying

-3-

docket sheet also did not include any contemporaneous, additional findings. (Record at 81.) In its written Order entered one week later, the Family Court stated that it must determine the best interests of the Child under Kentucky Revised Statute ("KRS") Chapter 403, and that it was not in Child's best interests to receive further doses of the COVID-19 injection at that time. On appeal, Father argues that the Family Court erred by not applying properly the statutory, best-interests-of-the-child standard under KRS 403.270 by issuing an insufficient, conclusory order.

## ANALYSIS

As an initial matter, we must address Mother's failure to file a responsive brief. Kentucky Rule of Appellate Procedure ("RAP") 31(H)(3) provides sanctions for this type of neglect:

> If the appellee's brief has not been filed within the time allowed, the court may: (a) accept the appellant's statement of the facts and issues as correct; (b) reverse the judgment if appellant's brief reasonably appears to sustain such action; or (c) regard the appellee's failure as a confession of error and reverse the judgment without considering the merits of the case.

The decision whether to impose any of these penalties is within our discretion. *Roberts v. Bucci*, 218 S.W.3d 395, 396 (Ky. App. 2007).

In this instance, we elect to reverse the judgment for two reasons. First, Father's brief reasonably appears to sustain such action pursuant to RAP

31(H)(3).  Specifically, Father's brief and the record support his argument that the Family Court did not adequately consider factors related to Child's best interests as mandated by KRS 403.270.  But because this issue addresses the actual merits, we do so as well despite Mother's failures, and we hold that the Family Court's Order was insufficient as a matter of law as it did not address the best-interest-of-the-child standard.

A Trial Court has a good faith duty to reduce its findings to writing, which is especially important in child custody cases as "matters affecting the welfare and future of children are among the most important duties undertaken by the courts of this Commonwealth."  *Keifer v. Keifer*, 354 S.W.3d 123, 125-26 (Ky. 2011); s*ee also* CR 52.01.  When joint custodians are unable to agree on a parenting issue regarding their child, a Family Court must resolve the issue according to the child's best interests.  *Burchell v. Burchell*, 684 S.W.2d 296, 300 (Ky. App. 1984); *Gonzales v. Dooley*, 614 S.W.3d 515, 521 (Ky. App. 2020).  The best-interests-of-the-child standard is found in KRS 403.270, which directs a Family Court "to 'consider all relevant factors' and provides a non-exhaustive list of factors that are relevant to the best interests of the child."  *Anderson v. Johnson*, 350 S.W.3d 453, 457 (Ky. 2011).

Proper consideration of factors is imperative because in order "[t]o review the judge's decision on appeal, it is important to know what facts the judge

relied on in order to determine whether [the judge] has made a mistake of fact, or to even determine if [the judge] is right at law, but for the wrong facts. If a judge must choose between facts, it is clearly relevant which facts supported [the judge's] opinion." *Id.* at 455. The Courts have long recognized that the factual findings required in child custody context are "complex and multi-faceted." *See Smith v. McCoy*, 635 S.W.3d 811, 817 (Ky. 2021). "In the child custody context, the mere written finding that something is or is not in a child's best interest cannot be sufficient because it does not show how the trial court weighed each factor to determine what was in the child's best interest." *Id.*

This Court has previously examined a dispute between joint custodians concerning the administration of the COVID-19 injection to their children. *Burch v. Lipscomb*, 638 S.W.3d 460 (Ky. App. 2021). In *Burch*, the underlying Court "found that it would be in the children's best interest to be vaccinated in accordance with their pediatrician's recommendations and Centers for Disease Control and Prevention (CDC) guidelines." *Id.* at 464. In ruling on the issue, this Court noted that the lower Court provided explicit reasons for its decision "that, on balance, the children's health and welfare outweighed the religious beliefs of one parent." *Id.*

Unlike *Burch*, in which the Family Court clearly considered factors from KRS 403.270(2) and engaged in a multi-faceted balancing of those factors, in

the case *sub judice*, we cannot determine from the Order entered below if the Family Court actually "considered" or engaged in a weighing of any factors pursuant to KRS 403.270. The Family Court made the sole conclusory finding that it would not be in Child's best interests to receive further doses of the COVID-19 injection and ordered that Father shall be prohibited from taking Child to receive such injections in the future. The rest of the Family Court's findings consist of a simple summary of the testimony of each witness. This detailed testimony would support specific conclusions of law sufficient to grant or deny the motion, but the Family Court made none.

Notably, while the Order mentions KRS Chapter 403, it neither specifically cites KRS 403.270 nor any of its factors. Furthermore, the Family Court's Order does not provide any reasoning to support its finding of best interests, identify which testimony or any factors it relied upon when considering KRS 403.270, or explain "why" the Family Court chose to give more weight to one witness's testimony over another's. *See Childress v. Hart*, 592 S.W.3d 314, 318 (Ky. App. 2019). The Family Court may adopt findings provided by the parties, but a Court's findings must include adequate reasoning to make its conclusions of law. Thus, Father's brief alone, with no Appellee brief in response by Mother, gives sufficient reason to sustain reversal. And because the Family

-7-

Court's Order does not contain any reasoning at all to support its conclusion, we must reverse.

Before concluding, we are compelled to note that it has not escaped us that one reason for Mother's failure to respond is that this matter may be moot. The main reason proffered for the COVID-19 injection was an imminent vacation cruise, and the urgency of that time period has long ended. Moreover, it has now been almost three years since the Order at issue was entered. We are in a different stage of COVID-19 at present. Perhaps the parties have resolved this matter among themselves. If so, they were under an obligation to so notify this Court.

## CONCLUSION

Accordingly, we reverse the March 28, 2022, Order of the Family Court and remand for further proceedings. On remand, if the matter is not moot, the Family Court shall enter an order that clearly considers all relevant factors, including but not limited to those contained in KRS 403.270(2), when determining the best interests of Child regarding the administration of further doses of the COVID-19 injection.

ALL CONCUR.

BRIEF FOR APPELLANT:                    NO APPELLEE BRIEF FILED.

E. Seth Combs
Hindman, Kentucky