RENDERED: MAY 2, 2025; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2023-CA-1180-MR

LACEY JO KABEL                                                       APPELLANT


APPEAL FROM PULASKI CIRCUIT COURT
v.      HONORABLE MARCUS L. VANOVER, JUDGE
ACTION NO. 21-CI-00171


BENJAMIN THOMAS KABEL                                          APPELLEE


OPINION
AFFIRMING

** ** ** ** **

BEFORE: ACREE, EASTON, AND McNEILL, JUDGES.

ACREE, JUDGE: Appellant, Lacey Jo Kabel (Mother), appeals the Pulaski Circuit Court's September 1, 2023 order that the parties' child (Child) no longer attend the unaccredited Oak Grove Christian School and, instead, enroll at Horse Branch Elementary or an appropriately accredited private school as Appellee, Benjamin Thomas Kabel (Father) prefers. We affirm.

# BACKGROUND

On February 25, 2021, Father filed for divorce from Mother. They have one child together and agreed, through mediation, to share joint custody of Child. Initially, the parties agreed to send Child to Oak Grove Christian Academy, an unaccredited institution teaching students from kindergarten through twelfth grade.

Over time, Father began expressing concerns over the quality of Child's education. Aside from the school's lack of accreditation, Father came to believe Child received inadequate instruction from the Oak Grove teachers. He claims Child sits in a cubicle all day and completes worksheets on his own. Interaction with a teacher is limited to responses to the students' questions. Because of the lack of structure and instruction, Father also believed Child had only limited social interaction. He further believed that the school failed to develop the skills necessary for a child to learn progressively more challenging material, as is the expectation in accredited public and private schools.

On June 2, 2023, Father filed a motion to modify the mediated agreement to remove Child from Oak Grove and enroll him in a different school where Father believed Child would receive a better, more appropriate education. The Pulaski Circuit Court held a hearing at which it heard the following evidence.

Mother's witnesses included the principal of Oak Grove, Adam Kirby. Kirby confirmed the school was unaccredited and that he lacked a degree in the field of education. He also acknowledged he was likely unqualified to teach at a public school. Kirby testified that Child's class consisted of thirty-two children who ranged from either kindergarteners or first graders to fourth graders. Each student had their own cubicle and completed worksheets at their own pace based on their grade level. Kirby also testified that seniors seeking a high school diploma were required to enroll in a separate accredited institution, Lighthouse Christian Academy, after which they could apply for the diploma. He also said of the six seniors in the prior year's graduating class, only one attended college.

Father testified to his concerns with Child attending Oak Grove set out above. He believed attendance there with its lack of college preparation and lack of accreditation was not in Child's best interest.

Mother testified that while married to Father, Child attended a Christian preschool, and she wanted to maintain a religious educational setting for Child. Mother was less concerned than Father. She believed the school had adequate socialization for Child, as well as sufficient extracurricular activities. Mother also testified that if Child were to go to a public school, she preferred he go to Horse Branch Elementary.

After the hearing, the Pulaski Circuit Court entered its findings of fact, concluding Oak Grove was not an appropriate choice for Child's long-term educational needs; *i.e.*, that continuing at Oak Grove was not in Child's best interest. The circuit court ordered Child either be enrolled in Horse Branch Elementary, in accordance with Mother's preference, or an "appropriately accredited private school."

Mother appeals this order.

## STANDARD OF REVIEW

As the Pulaski Circuit Court correctly determined, our touchstone is that the best interest of each child must be served by the trial court's decision. *Burchell v. Burchell*, 684 S.W.2d 296, 300 (Ky. App. 1984). Both parties erroneously argue their respective sides of the wrong question – *i.e.*, whether the circuit court *abused its discretion* in determining Child's best interest. Abuse of discretion is the correct standard when a circuit court applies legal principles to factual findings. That is not the correct standard of review in a case such as this.

The determination of a child's best interests is a factual finding, and the standard of review is whether the finding of fact was clearly erroneous. A finding of fact is clearly erroneous only if it is manifestly against the great weight of the evidence. *Addison v. Addison*, 463 S.W.3d 755, 765 (Ky. 2015) (citing *Frances v. Frances*, 266 S.W.3d 754 (Ky. 2008)). We apply that standard.

-4-

## ANALYSIS

Mother references the First Amendment in her argument, so we address that first. As we explained in *Burch v. Lipscomb*, "[j]urisprudence in this area already takes into account the constitutionally protected rights of parents to raise their children free of undue governmental interference." 638 S.W.3d 460, 463 (Ky. App. 2021) (citing *Troxel v. Granville*, 530 U.S. 57, 72-73, 120 S. Ct. 2054, 2064, 147 L. Ed. 2d 49 (2000)). The General Assembly "imposed constitutionally tailored limits on the courts' power and authority by enacting various provisions of KRS Chapter 403." *Gonzalez v. Dooley*, 614 S.W.3d 515, 521 (Ky. App. 2020).

In *Burch*, a mother and father shared joint custody of their child and the mother, for religious reasons, did not want to vaccinate her child; the father did. *Burch*, 638 S.W.3d at 462. Like Mother and Father in the instant case, the joint custodians were at a fundamental impasse. Despite the parties' efforts to make the issue complicated, we simply held the "family court properly exercising its jurisdiction has the inherent ability to 'break the tie' when joint custodians cannot agree." *Id.* at 463 (quoting *Gonzalez*, 614 S.W.3d at 521). Thus:

> If, as in the instant case, the parties to a joint custody agreement are unable to agree on a major issue concerning their child's upbringing, the trial court, with its continuing jurisdiction over custody matters, must conduct a hearing to evaluate the circumstances and resolve the issue according to the child's best interest. Once the parents

have abdicated their role as custodians to the trial court, its decision is binding on the parties until it is shown that the decision is detrimental to the child physically or emotionally, or is no longer in his best interest.

*Burchell*, 684 S.W.2d at 300.

This does not mean this Court will automatically affirm every such tie-breaking decision by a circuit or family court. That decision still requires appellate review to see "if it is manifestly against the great weight of the evidence." *Addison*, 463 S.W.3d at 765. If it is, we reverse; if it is not, we affirm.

We have examined the circuit court's decision regarding Child's schooling and conclude that decision is not manifestly against the great weight of the evidence. To the contrary, there is substantial evidence to support a conclusion the decision is in Child's best interest.

## CONCLUSION

The Pulaski Circuit Court's September 1, 2023 order is affirmed.

ALL CONCUR.

BRIEF FOR APPELLANT:

John A. Combs
London, Kentucky

BRIEF FOR APPELLEE:

Hailey Scoville Bonham
London, Kentucky

-6-