RENDERED: JANUARY 30, 2026; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2024-CA-1248-MR

ELMER J. GEORGE, JR.                                          APPELLANT

v.
APPEAL FROM SPENCER FAMILY COURT
HONORABLE S. MARIE HELLARD, JUDGE
ACTION NO. 20-CI-00143

MEREDITH BOOTH GEORGE (NOW
THOMPSON)                                                      APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: CETRULO, L. JONES, AND LAMBERT, JUDGES.

JONES, L., JUDGE: The parents of a minor child with joint custody and equal parenting time could not agree on which school their child would attend. Forced to decide the issue, the Spencer Family Court chose the school favored by the child's mother, Meredith Booth George, now Thompson (Mother). Dissatisfied, the child's father, Elmer J. George, Jr. (Father), then filed this appeal. We affirm.

# I. Factual Background and Procedural History

The Spencer Family Court incorporated Mother and Father's marital settlement agreement into the decree of dissolution of their marriage. The agreement provided that Mother and Father would share joint custody of Child and would each have equal parenting time.

In the fall of 2023, Mother filed a "motion regarding school choice." The motion noted that Child would begin kindergarten in the fall of 2024, but Mother and Father had been unable to agree on which school Child would attend. Mother, who resided in Spencer County, preferred Spencer County Elementary School (Spencer Elementary). Father, who resided in Marion County, preferred Saint Augustine Catholic School (Saint Augustine) in Lebanon, Kentucky. Child had attended preschool in both Spencer County and at Saint Augustine.

The family court held a hearing on the school choice dispute in June 2024. Mother presented her own testimony and that of the principal of Spencer Elementary. Mother testified that Child is tightly bonded with her younger son, Child's half-sibling, who is roughly four years younger than Child. Mother testified that her younger son would attend Spencer Elementary when he reached school age. Mother noted that Child had attended preschool in Spencer County and at Saint Augustine. According to Mother, some of Child's preschool friends would be attending Spencer Elementary and his preschool teacher would be a

student-teacher at Spencer Elementary for the then-upcoming school year. Mother also testified that children who lived in her neighborhood would be attending Spencer Elementary.

Child's paternal grandparents each testified that many of Child's relatives on his Father's side had attended, or were then attending, Saint Augustine. Child's grandfather testified that his office is very close to Saint Augustine and so he had often picked up Child and Child's cousin after school. Grandfather also mentioned numerous family members who had obtained professional degrees after attending Saint Augustine. Father testified that several children who lived in his neighborhood attended Saint Augustine, including at least three children who lived on Father's street. Father testified that around twelve of Child's cousins were then attending Saint Augustine.

Father also submitted numerous depositions. The deponents, who included public school employees who nonetheless sent their children to Saint Augustine, praised Saint Augustine's academics, overall atmosphere, and the extracurricular opportunities for its students. The deponents also noted Saint Augustine's strong support from its graduates, their families, and the community at large.

The family court issued a 20-page order in July 2024, ruling that Child would attend Spencer Elementary.

Father filed a motion to alter, amend, or vacate, arguing the decision was infirm because it did not explicitly and sufficiently address the best interest factors in Kentucky Revised Statute (KRS) 403.270. The motion also noted that a court reporter had mistakenly failed to enter several depositions into the record. Finally, Father submitted over fifty additional findings of fact he believed the family court should have made.

In August 2024, the family court issued a 28-page amended order. The court made more explicit findings regarding both the best interest factors in KRS 403.270 and the deposition testimony. However, the Court again concluded Child would attend Spencer Elementary. Father then filed this appeal.

## II. **Analysis**

The overarching issue before us is whether the trial court committed reversible error by ordering Child to attend Spencer Elementary. To support that main argument, Father raises three issues. First, he contends the family court committed reversible error by not adopting all of his proposed findings of fact contained in his motion to alter, amend, or vacate. Next, Father argues the family court improperly presumed public schools to be inherently preferable. Finally, Father argues the family court misapplied the best interest factors in KRS 403.270.

We have explained that when a court is forced to decide which school a child will attend that:

-4-

> the overriding principle, as correctly determined by the trial court, is that the best interest of the child be served by the trial court's decision. As to what constitutes the best interest of the child, any factual findings are reviewed under the clearly erroneous standard; any decisions based upon said facts are reviewed under an abuse of discretion standard.

*Young v. Holmes*, 295 S.W.3d 144, 146 (Ky. App. 2009) (citations omitted). *See also, e.g.*, *Burchell v. Burchell*, 684 S.W.2d 296, 300 (Ky. App. 1984); *Warawa v. Warawa*, 587 S.W.3d 631, 636 (Ky. App. 2019).

### A.  No Additional Findings of Fact Required

Father first contends the family court erred by failing to adopt the findings of fact he requested in his motion to alter, amend, or vacate. Father's proposed findings generally discuss his intensive involvement in Saint Augustine and the deponents' positive views of, and experiences with, that school. Father argues the proposed findings are "crucial facts." Appellant's Brief at 4. However, we agree with Mother that the proposed findings are cumulative and redundant of findings already made by the family court.

The family court made findings sufficiently summarizing the evidence presented by Father. For example, the family court found that Father had presented testimony that his family members and friends who attended Saint Augustine had gone on to be successful adults. Similarly, the court found that Father had presented deposition testimony that Saint Augustine had "top notch"

-5-

teachers and there was a "positive community surrounding St. Augustine." R. at 426. The family court also made findings that Father presented testimony regarding the generally small class sizes at Saint Augustine, the school's quality academic programs, and the advanced classes its graduates tended to take in high school. The family court summed up the evidence by finding that "Saint Augustine has a wonderful community with lots of supportive alumni and school events and fundraisers," and "is likely a wonderful institution, providing quality education . . . ." R. at 436.

The family court made adequate findings noting Father had presented evidence about the positive attributes of Saint Augustine, both academically and socially. Father has not shown the court had to make additional findings to recite in further, granular detail each deponent's positive comments about Saint Augustine. A court is required to make essential findings necessary to support its judgment; a court is not required to exhaustively recite each statement made by a witness. The family court's well-written decision is thorough. Father has not shown that the family court failed to make findings essential to a proper decision about which school Child would attend. *See, e.g.*, *Age v. Age*, 340 S.W.3d 88, 98 (Ky. App. 2011) (noting that when a party files a motion for additional findings, the trial court first determines whether its findings are sufficient and "the question

-6-

on appeal is whether the omitted finding involves a matter that is essential to the trial court's judgment").

### B. No Presumption Favoring Public Schools

Next, Father argues the family court presumed public schools were "inherently in a child's best interest and that a deficiency in a public school is necessary to determine that a private school serves the bests [sic] interest of a child." Appellant's Brief at 9. Specifically, Father takes issue with the following portion of the family court's order:

> All other factors appearing to be equal between the two homes of the parents, the schools must be examined more closely. Here, the Spencer Public School system is shown to be superior in that the school achieved high test grades compared to other public schools in Kentucky and there was no such information provided for St. Augustine. If St. Augustine receives grades from testing, such evidence was not shown. Even though the Petitioner [Father] has offered to pay the full cost of tuition at Saint Augustine, making this case analogous to *Young v. Holmes*, *supra*., [sic] there is insufficient evidence to show that St. Augustine is superior, and it has not been shown that the child has extraordinary needs that cannot be met by the public schools. (Kentucky cases provide that a showing of inadequacy on the part of the public schools to provide for the special needs of a child may be grounds for sending the child to private school over public school.)

R. at 433-34 (citations omitted).

The family court appropriately concluded that the evidence showed each parent provided a loving, appropriate home for Child. Thus, the school

choice decision revolved around a comparison of the schools because each home environment was appropriate. However, making such a comparison was difficult because Saint Augustine, as a private school, did not participate in the standardized statewide tests on which Spencer County performed well. Father has not shown error in the trial court's methodology or conclusions.

We do not perceive the family court as having imposed a presumption in favor of public schools. Instead, the family court noted that there was evidence that Saint Augustine's academics were commendable but there were no objective metrics to support that subjective viewpoint since there was no evidence of how Saint Augustine had performed on statewide tests. On the other hand, there was evidence that Spencer Elementary had performed well on those statewide tests. Thus, the family court concluded Spencer Elementary was "shown to be superior" and there was "insufficient evidence to show that St. Augustine is superior[.]" R. at 433.

That discussion is an acknowledgement of the lack of objective academic evidence about Saint Augustine and does not contain a patently discriminatory animus. As the family court noted, there was evidence commending the academic success of each school. However, there was objective evidence of Spencer Elementary's academic success in the form of standardized test scores. Perhaps another court would have placed more emphasis on the

testimony regarding the positive academic attributes of Saint Augustine instead of the test scores of Spencer Elementary. However, we cannot re-evaluate the evidence or conclude the family court erred by choosing to place more weight on the test scores than the subjective evidence of Saint Augustine's academic prowess. *See, e.g.*, *Moore v. Asente*, 110 S.W.3d 336, 354 (Ky. 2003).

Moreover, the family court's brief notation about Kentucky precedent is accurate. *See Ridgeway v. Warren*, 605 S.W.3d 567, 572 (Ky. App. 2020) (holding that "absent an agreement, a parent cannot be ordered to pay private school tuition unless the trial court also finds that public schools have been shown to be inadequate to meet the child's needs . . ."). Thus, the family court did not err by finding that there was no inherent need for Child to attend Saint Augustine because it could meet a need of Child's which Spencer Elementary could not.

### C. No Misapplication of Best Interest Factors

Finally, we reject Father's argument that the family court misapplied the best interest factors in KRS 403.270. That statute is designed to guide a court when making child custody decisions. However, consideration of the best interest factors in KRS 403.270 was appropriate here because "[i]ssues concerning educational decisions . . . are matters of custody." *Warawa*, 587 S.W.3d at 636.

As it pertains here, KRS 403.270 provides:

(2) The court shall determine custody in accordance with the best interests of the child and equal consideration

-9-

shall be given to each parent . . . .  The court shall
consider all relevant factors including:

> (a) The wishes of the child's parent or parents . . .
> as to his or her custody;
>
> . . .
>
> (c) The interaction and interrelationship of the
> child with his or her parent or parents, his or her
> siblings, and any other person who may
> significantly affect the child's best interests;
>
> (d) The motivation of the adults participating in the
> custody proceeding;
>
> (e) The child's adjustment and continuing
> proximity to his or her home, school, and
> community;
>
> . . .
>
> (k) The likelihood a party will allow the child
> frequent, meaningful, and continuing contact with
> the other parent . . . .

The family court more than adequately addressed those factors.  As to
the wishes of the parents, the family court aptly noted that the parents disagreed
about which school Child should attend.  Moreover, the court found that neither
parent had improper motivations.  Those findings are supported by substantial
evidence and those factors are not directly at issue here.

Father asserts the family court did not appropriately assess KRS
403.270(2)(c), which requires a court to consider the interaction and relationship of

-10-

Child with his parents, siblings, and others. Father emphasizes Child's close relationship with a cousin who attends Saint Augustine, and that roughly twenty children from Father's neighborhood attend Saint Augustine. Father also stresses that Child's paternal grandfather often picked child up from Saint Augustine's preschool, but could not do so if Child attended Spencer Elementary.

The court noted the close relationship between Child and his cousin, but pointed out that Child also has a "step sibling" (more properly characterized as a half-sibling) who would attend Spencer Elementary upon reaching school age. Father asserts the relationship with the cousin should be given more priority because the cousin and Child are closer in age, meaning they would attend elementary school together for more years than would Child and the sibling. The family court could have deemed more significant the closeness in age between Child and his cousin compared to Child and his sibling. However, Father has not shown the court was required to do so since the indisputable fact is that neither the cousin nor the sibling will ever be in Child's classroom because neither will be in Child's grade. The family court did not err by failing to favor Child's relationship with the cousin over the sibling. *See Moore*, 110 S.W.3d at 354.

The family court noted that children from Father's neighborhood would attend Saint Augustine. But the court also noted that children from Mother's neighborhood would attend Spencer Elementary. The fact that Mother

could only recall the name of one child from her neighborhood who would attend Spencer Elementary is irrelevant, contrary to Father's assertions. The fact that there may have been more children from Father's neighborhood who would attend Saint Augustine than the number of children from Mother's neighborhood who would attend Spencer Elementary is, again, a factor the family court could have weighed more heavily. However, Father fails to show the family court erred by not finding those raw numbers dispositive. As the family court noted, there was evidence that Child would likely see familiar faces at both schools, so neither school had an inherent advantage on that front. *See Moore*, 110 S.W.3d at 354.

The simple fact, as the family court recognized, was that during school hours Child would not be able to socialize freely with any children— neighbors or relatives alike—who were not in his class. Neither Father nor Mother produced evidence that a specific student to whom Child was closely bonded would be in Child's classroom at either Saint Augustine or Spencer Elementary. However, due to the equal timesharing arrangement, Child would still be able to see children from both neighborhoods outside school hours.

The same basic level of equipoise is true of Child's ability to spend time with both Mother's and Father's families.[1] Father stressed that Child would

---

[1] The family court did not address KRS 403.270(2)(k), which focuses on whether a parent would be likely to allow a child to have meaningful contact with the other parent. Here, there is no evidence compelling a finding that Father or Mother would intentionally prevent Child from

-12-

not be able to see his paternal grandfather as much if Child attended Spencer Elementary. However, the family court accurately noted that Mother's parents lived nearby Mother's home so Child would not be able to see those grandparents as easily if Child attended Saint Augustine. In other words, Child has relatives residing near both Mother's and Father's homes. Regardless of which school Child attended, attending school in a different county would necessarily negatively impact the ability Child has to spend time after school with extended family in another county.

The family court then addressed KRS 403.270(2)(e), which focuses on Child's "adjustment and continuing proximity to his or her home, school, and community[.]" The family court noted that Child had attended preschool in Spencer County and that his friends from that preschool, as well as his favorite teacher, would be at Spencer Elementary. The family court also noted that children who live in Mother's neighborhood would also be attending that school. Father has not shown error in those findings, which are supported by substantial evidence. Similarly, Child also attended preschool at Saint Augustine and many of his classmates would be attending kindergarten at that school. Child would also

having contact with the other parent or the other parent's family. Thus, any failure to consider KRS 403.270(2)(k) does not entitle Father to relief.

have relatives from Father's side of the family attending Saint Augustine. Again, there was evidence regarding this statutory factor favoring each school.

The family court acknowledged as much by finding Child "is well adjusted to both of his homes and the preschools he has attended. He is well bonded to family and community members in both his parents' homes, and this should continue despite the fact that the child must attend one school or another." R. at 432. Father has shown no error in those findings or conclusions, which are supported by substantial evidence.

Father stresses that Saint Augustine is smaller than Spencer Elementary, however, the family court did not ignore that fact. The court noted that Saint Augustine's average class size was 15-23 students whereas the average class size at Spencer Elementary was 22 students. Thus, as the family court found, it was statistically possible that Child's class at Saint Augustine would actually be larger than at Spencer Elementary. The family court noted that Spencer Elementary was a large school but also recounted testimony that Spencer Elementary's principal had taken steps to institute a "pod" educational system whereby students at that school had some of the benefits of smaller schools, such as consistent interaction with the same group of students. The family court alone possessed the unique ability to evaluate the testimony and weigh the conflicting evidence. *See Moore*, 110 S.W.3d at 354. Father has not shown the family court's

factual findings are unsupported by substantial evidence nor that the court abused its discretion or misapplied binding authority in reaching its legal conclusions.

We are aware this decision is emotionally fraught for both Father and Mother. Both parties presented evidence to support their respective school preferences. The family court thoroughly analyzed the evidence, and its findings of fact are supported by substantial evidence. The family court also made conclusions of law which do not ignore or contravene established precedent. Father is obviously dissatisfied with the result, but he has not shown the trial court committed any reversible errors.

As the family court repeatedly stressed, Child has the extraordinary benefit of being supported and loved by two parents, two extended families, and two communities. However, Child can only attend one school, and there were factors favoring each option. Faced with a difficult, binary choice, the family court adequately assessed the evidence and relevant law before deciding that Spencer Elementary was the best choice for Child.

Perhaps another court would have weighed the evidence differently and reached a different conclusion. However, the family court here appropriately recognized the applicable law, sufficiently analyzed the evidence, and adequately explained the rationale for its ultimate conclusion. Father has not shown the court's well-written decision contains crucial omissions, unsupported or extraneous

findings of fact, or erroneous legal conclusions. *See Moore*, 110 S.W.3d at 354.

We affirm the family court's diligent, thoughtful order.

### III.  Conclusion

For the foregoing reasons, the Spencer Family Court is affirmed.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Ephriam W. Helton
Ramona C. Little
Danville, Kentucky

BRIEF FOR APPELLEE:

Allison S. Russell
Louisville, Kentucky